P. L. LOVE, *Plaintiff in Error*, vs. THE STATE OF FLORIDA, *Defendant in Error*.

144 So. 843.

Division B.

Opinion filed December 6, 1932.

*Johnston & Rogers,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—P. L. Love was indicted and convicted in the Circuit Court of Osceola County for the violation of Section 1 of Chapter 15603, Acts of 1931, relating to and defining the offense of statutory arson. The section under which the indictment was found reads as follows:

> "Section 1. ARSON. First Degree. Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied, or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of Arson, in the First Degree, and upon conviction thereof, be punished by imprisonment in the State prison for not more than twenty years."

Motion to quash the indictment was filed and overruled. The proposition advanced was that the section and Chapter under which the defendant had been indicted was unconstitutional and void, insofar as it undertook to prohibit the defendant from burning his own property.*

But the statute is not susceptible to objection on the constitutional ground urged, because under it the mere burning, *per se,* of one's own property is not made a

---

*The indictment was not predicated on Chapter 15602, Acts of 1931, which is a separate statute providing for those cases where the burning is with intent to defraud the insurer of the property.

crime. It is the *wilful and malicious* setting fire to, or burning, that constitutes the gravamen of the offense. A "malicious" burning, that is, a burning or setting fire to property, would be such an act done with a condition of mind that showed a heart regardless of social duty and bent on mischief, evidencing a design to do an intentional wrongful act toward another or toward the public, without any legal justification or excuse for the burning or setting fire to the property, even though it belonged to the perpetrator. An example of such an act of malicious burning would be to set fire to or burn one's own property to thereby accomplish an indirect injury to another, or to the public, without any real or pretended legal justification or excuse for the doing of that act. A "wilful" setting fire to or burning would be such an act consciously and intentionally, as distinguished from accidentally or negligently done, where the negligence was not so gross that the intention could be implied from the gross disregard of duty constituting the negligence. Stetson University v. Hunt, 88 Fla. 510, 102 Sou. Rep. 637.

Construing our statute as meaning simply that a wilful and malicious burning or setting fire to property is to constitute the statutory offense denounced, we find no constitutional objection to it as being either an arbitrary interference with a property right, or as too indefinite to constitute a reasonable standard of conduct which must be observed in order to avoid entanglement with the criminal law. The indictment was in the language of the statute, and the motion to quash it was properly overruled.

Turning now to the evidence, the sufficiency of which to support a conviction under the statute, is challenged, we fail to find in such evidence any substantial proof of

the wilfullness and maliciousness of the burning complained of.

A prosecution under Section 1 of Chapter 15603, *supra,* is intended to cover a more serious and different kind of offense than that denounced by Chapter 15602, Acts of 1931. The latter Chapter deals specifically with the offense of burning to defraud an insurer. The former statute covers wilful and malicious burnings with or without an intent to defraud an insurer. While we do not go so far as to say that a burning to defraud an insurer may not under certain established conditions, be a "wilful and malicious" burning as well, the wilfullness and maliciousness necessary to support a conviction under Section 1 of Chapter 15603, *supra,* cannot be implied from the fact *alone* that the defendant set fire to or burned his own property while it was subject to an insurance policy.

The case seems to have been tried below on the theory that where there is evidence tending to show a burning by the defendant of his own property, which was subject to an insurance policy, that proof of such facts, which might have supported a charge of burning to defraud an insurer, will warrant a conviction of Section 1 of Chapter 15603, denouncing the offense of a wilful and malicious burning, without any showing of additional facts from which the wilfullness and maliciousness of the act of setting fire could be implied, other than that it would make possible the collection of an insurance policy. That, as has been pointed out, is an erroneous conception of the scope of the two statutes enacted in 1931. One is punishable by a much less severe punishment than is provided for the other and they cannot be regarded as interchangeable proceedings for reaching and punishing that regretfully large and increasing number of criminal burnings deliberately contrived to swindle insurers.

It follows from what we have said that a new trial should have been granted.

Reversed for a new trial.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

Filed under Rule 21-A.