EVERGLADES SUGAR & LAND CO. v. PETER O'BYRNE.

152 So. 22.
Opinion Filed January 12, 1934.

*Evans, Mershon & Sawyer* and *Thos. McE. Johnston,* for Appellant;

*Frank A. Pettibone, L. D. Simon* and *W. D. Van Arnam,* for Appellee.

DAVIS, C. J.—This is an appeal in equity from a final decree but the main proposition of law relied on for reversal is that the court erred in sustaining exceptions of the complainant to certain portions of the amended and supplemental answer of the defendant, Everglades Sugar & Land Company and granting the motion of complainant to strike certain portions of the amended and supplemental answer excepted to.

The suit was one in foreclosure where O'Byrne, the appellee, brought the proceeding for foreclosure of a mortgage covering certain lands, given as security for the payment of $7,875.00. The bill specifically prayed for a deficiency decree against the Everglades Sugar & Land Company, which was shown to have executed the notes and mortgage sued on. However, in the stricken portions of its answer, the Everglades Sugar & Land Company, as nominal mortgagor, undertook to show that in signing the notes and executing the mortgage, it was only acting as agent of the mortgagee

and for his benefit, in that the mortgage (so it was claimed in the answer) was a purchase-money mortgage covering land the title to which Byrne, as mortgagee and then owner, had caused to be placed in the name of Everglades Sugar & Land Company, as his agent, for greater convenience in concluding its sale, and that pursuant to the character of the relationship then created and existing between the parties, and as part of the scheme of handling the land's disposition, the agent (mortgagor of record) had simply executed the notes and mortgage of its principal (the mortgagee) then, at its principal's direction, had conveyed the mortgaged land to a third party purchaser who had assumed and agreed to pay the mortgage signed by it.

The main presentation in the argument by appellant here is not so much the proposition that the stricken portions of the answer state an absolute or complete legal or equitable defense to the foreclosure proceeding insofar as it seeks to cut off the equity or redemption and have the mortgaged lands sold to satisfy the mortgage debt. But it is appellant's very earnest contention that since the stricken portions of defendant Everglades Sugar & Land Company's answer did, in equity, present matters of a defensive character which had a bearing upon the nature, character and extent of the relief sought to be granted according to the specific prayers of the bill, that the court was in error in sustaining exceptions to, or granting a motion to strike, such portions of the answer as, when they had been thus eliminated, would thereafter stand entirely removed from further consideration of the chancellor.

One of the *claims* specially presented by the bill was for a deficiency judgment against the signer of the notes and mortgage. Sections 4904-4905, C. G. L., 3118-3119 R. G. S., in effect at the time the rulings complained of were made,

required a defendant impleaded in a chancery cause to set forth in his answer in short and simple terms, his defenses to "each" *claim* asserted by the bill. This the defendant in the court below in the present case undertook to do by showing that complainant's "claim" to a deficiency judgment should not prevail because there never had been, in the eyes of a court of equity, any indebtedness which was owed to mortgagee by one whom it was alleged, had signed the notes and executed the mortgage in the capacity of a mere agent for the payee-mortgagee in order to enable the latter to sell to a third party who was to assume and pay the debt evidenced by the mortgage notes.

The facts alleged in the stricken portions of the answer, if established, are sufficient to show that Everglades Sugar & Land Company is under no liability to O'Byrne to pay the mortgage debt evidenced by the promissory notes signed simply as agent for the payee thereof under the circumstances set up, and therefore the answer should have been allowed to stand to avail the defendant as far as in law and equity its allegations ought to avail him. See Atlantic Shores Corp. v. Zetterland, 103 Fla. 761, 138 Sou. Rep. 50.

The foregoing proposition of law relied on for reversal of the final decree is raised by the second amended assignment of error which we sustain. The final decree is accordingly reversed thereon with directions to have such further proceedings as may not be inconsistent with this opinion.

Reversed and remanded with directions.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.