NORMAN HURST and HARRY POOL v. STATE.

160 So. 355.
Division B.
Opinion Filed March 23, 1935.

*Martin & Martin,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction against the plaintiffs in error under an indict-

ment charging the violation of Section 1 of Chapter 15603, General Laws of Florida, 1931. That section is as follows:

"Section 1. ARSON.—First Degree. Any person who willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied, or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or belong to or adjoining thereto, whether the property of himself or of another, shall be guilty of Arson, in the First Degree, and upon conviction thereof, be punished by imprisonment in the State Prison for not more than twenty years."

The contention is that because the indictment charged that the defendants, "did then and there unlawfully, feloniously, maliciously and willfully set fire to *and burn* the dwelling house of one Nancy Morey," that was necessary for the State to prove that the defendants not only did set fire to the house, but that the house burned by reason of such setting fire to.

Under the statute, the setting fire to or burning, or the causing to be burned, constitutes arson when the subject to which the fire is set, or which burned or is caused to be burned, is a building named in this section of the Act. And, though the indictment might have charged all three acts to have been performed by the defendants, the proof of the commission of either act would be sufficient to warrant conviction. A conviction under such an indictment would bar a further prosecution for the commission of either of the acts denounced by this section of the statute. See Booker v. State, 93 Fla. 211, 111 Sou. 476; McDuffee v. State, 55 Fla. 125, 46 Sou. 721.

Aside from this, the attack is made by a motion in arrest of judgment, the motion being on the ground that there is

a variance between the allegations contained in the indictment and the proof submitted. A motion in arrest of judgment is not available on such grounds. Motions in arrest of judgment reach only such errors as are apparent on the record. Smith v. State, 29 Fla. 408, 10 Sou. 894; Caldwell v. State, 43 Fla. 546, 30 Sou. 814. It is apparent that to determine whether or not there is a variance between the allegations in an indictment and the proof submitted, it is necessary to examine the indictment and also the evidence contained in the bill of exceptions. Therefore, this infirmity cannot be tested by motion in arrest of judgment. Reynolds v. State, 33 Fla. 301, 14 Sou. 723.

We find the evidence sufficient to sustain the verdict and the judgment. Therefore, judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.