SIM BROWN v. STATE.

171 So. 211.
Opinion Filed December 10, 1936.
Rehearing Denied January 12, 1937.

*Wm. W. Flournoy,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* and *John L. Graham,* Assistant Attorneys General, for the State.

PER CURIAM.—The writ of error herein was taken to a judgment of conviction for arson and a sentence to "be confined at hard labor in the State Prison of the State of Florida for a period of eight (8) years." The charge is that the defendant did "willfully and maliciously set fire to and burn a certain dwelling house, to-wit:" etc.

The evidence is largely circumstantial; and while much of it is consistent with guilt of the defendant, it is not clear

that the evidence as a whole is inconsistent with innocence and justified a finding that beyond a reasonable doubt, the defendant is guilty of the crime as charged, of "willfully and maliciously" setting fire to and burning the dwelling, as defined by Section 1 of Chapter 15603, Acts of 1931, Section 7208 (8) Supp. 1934 to C. G. L: of 1927, the constitutionality of which Act was adjudged and the statute interpreted in Love v. State, 107 Fla. 376, 144 So. 843. See Whetston v. State, 31 Fla. 240, 12 So. 661. See also Lee v. State, 96 Fla. 59, 116 So. 656.

"It is proper for the court to charge the jury as to the distinctions made between direct and circumstantial evidence, especially in a case where such proof is in a great measure circumstantial." Newton v. State, 21 Fla. 53, headnote 12.

A consideration of the entire record leads to the conclusion that a new trial should be granted.

Reversed for a new trial.

WHITFIELD, C. J., and ELLIS, TERRELL and DAVIS, J. J., concur.

BROWN and BUFORD, J. J., dissent.