THOMAS D. RICHEY v. JERRY R. McLEOD, as Sheriff of Hillsborough County.

188 So. 228.

Division A.

Opinion Filed April 18, 1939.

282

*Martin & Martin,* for Petitioner;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for the State.

BUFORD, J.—This is an original proceeding in Habeas Corpus.

Petitioner, when testifying in his own behalf while on trial on a charge of assault and battery, was held to be in contempt of court resulting from an act committed by the petitioner in the presence of the court.

It is clear that the court had jurisdiction of the parties and of the subject matter then under consideration. The occurrence out of which the judgment of contempt resulted was as follows:

"Q. You are charged here with making an assault on Mr. Jones?

"A. Yes, sir.

"Q. I want you to go ahead in your own way and tell what happened there?

"A. On February 17 * * * I believe that is the date named in here * * * a sound truck pulled up in front of my house, on my lawn and commenced to put on some kind of a communistic, socialistic or 'Red' program, or whatever you want to call it. * * *

"THE COURT: The Court declares a mistrial in this case. Mr. Richey, you are adjudged to be in contempt of court for making statements which I have repeatedly said are improper statements. The sentence I shall impose will abide the result of this case, and the case will be continued until the next term of court.

"Neither my views nor the views of yourself or anybody else on communism or religious freedom have anything to do with this case. I am entitled to my views and other people are entitled to their views. But when a case is brought up here involving an assault and battery charge and the case is attempted to be tried on every other conceivable issue except the facts of the particular controversy, it is time that a mistrial be declared and the case be tried again, on its merits."

Later, on July 13th, 1938, the following is shown to have occurred:

"Parties met in the above entitled cause, in open court, present, same as before.

"Whereupon the following proceedings were had:

"THE COURTS Mr. Richey, in this case the Court repeatedly sustained the State's objection to questions by your attorney while cross-examining the complaining witness and his wife, which sought to bring out the nature and contents of the phonograph program being played by them. The court did this because inasmuch as under the law words do not justify an assault, such testimony could have no legitimate bearing on the issues being tried.

"This is not like the case in Rountree v. The State, 152 Sou. 22, which involved the question of whether the defendant entertained a specific intent, which was one of the elements of the offense charged.

"However, even if the Court were wrong in these rulings, it was your duty to obey them until corrected on

appeal. But instead of doing that, you deliberately attempted to circumvent them, by stating to the jury the very matters the court had excluded, despite the warnings which had been given, and which you were bound to have heard. It is for this disobedience and disrespect that you are adjudged to be guilty of contempt.

"Do you have anything to say now why you should not be sentenced on that contempt charge?

"MR. RICHEY: Your Honor, it was not my intention in what I did to violate any order of the Court. I understood the rulings had relation to the witness on the stand at the time. I was only trying to tell the court why this altercation took place.

"THE COURT: Didn't you understand the rulings that I made?

"MR. RICHEY: Yes, but I understood that they applied to the witness on the stand, and to the counsel who was pressing them at the time to the Court.

"THE COURT: Why did you think there would be any different ruling, so far as you were concerned?

"MR. RICHEY: Well, I know nothing of law, but I was always under the impression that the defendant in a case was allowed the privilege to state why those things occurred if he was brought to Court on a criminal charge.

"THE COURT: Is there anything else you want to say?

"MR. RICHEY: No, sir; I don't know anything else I can say.

"THE COURT: The Court sentences you to pay a fine of twenty-five dollars and costs, and in default thereof to serve ten days in the county jail."

Whether or not error was committed by the trial court or whether or not there was shown any legal reason for declaring a mistrial, are questions not before us and which we shall not now attempt to answer.

The scope of efficacy of the writ of habeas corpus to test the validity of judgment of contempt is narrow. "Habeas corpus does not lie to correct mere irregularities of procedure but in order to sustain writ there must be illegality or want of jurisdiction." "Any act which is calculated to embarrass, hinder or obstruct court in administration of justice or which is calculated to lessen its authority or its dignity is a contempt, the test not being physical propinquity of act to court but its tendency to directly affect administration of justice." *Ex parte* John D. Crews, 127 Fla. 381, 173 Sou. 275.

In the Crews case it was also held that whether or not the act held to be an act of contempt actually impedes justice is immaterial.

In State, ex rel. Grebstein v. Lehman, 100 Fla. 481, 129 Sou. 818, it was said:

"Ordinarily an appeal does not lie from an order of a court of general jurisdiction imposing punishment for contempt of court. Caro v. Maxwell, 20 Fla. 717; Fla. Cent. P. R. Co., v. Williams, 33 So. R. 391, 45 Fla. 295; Miller v. Miller, 107 So. R. 251, 91 Fla. 82. As at common law every court of record was the exclusive judge of contempt committed against its authority and dignity, the judgment of a court of competent jurisdiction inflicting punishment of the contemner was not, as a general rule, reviewable. 13 C. J. 97; 7 Am. & Eng. Encyc. of Law 33.

"In direct contempt committed in the presence of the court, or so near as to interrupt its procedure, the court acts upon views and without trial, and may inflict punishment at once. It is clear that in this class of contempts the respondent is not entitled to notice of the accusation or to a notice of motion for an attachment, since in such a case they cannot serve any useful purpose. 6 R. C. L. 532; *Ex Parte* Biggers, 85 Fla. 322, 95 So. R. 763.

" 'As a general rule *habeas corpus* does not lie to correct mere irregularities or procedure where there is jurisdiction, and in order to sustain the writ there must be illegality, or want of jurisdiction. When a person has been taken into custody under an order of a court exercising proper jurisdiction, a *habeas corpus* to discharge the person so taken involves a collateral attack on the order under which he is held, and well established rules forbid an investigation into matters of mere irregularity in procedure. But illegality in matter of law or want of jurisdiction may be inquired into and the decision of the lower court, as to such matter, is not conclusive.' *Ex Parte* Senior, Jr., 37 Fla. 1, 14; 19 So. R. 652. Also see in this connection *Ex Parte* Earman, 85 Fla. 297, 95 So. 755, 31 A. L. R. 1226.

"The general rule, that where the judgment of a court of general jurisdiction, as distinguished from an inferior court, is collaterally attacked, every intendment will be made in support of the jurisdiction unless the contrary affirmatively appears, applies to judgments and final orders punishing for contempt when challenged on *habeas corpus*. In some jurisdictions it is held that the recitals in the commitment record are conclusive of the facts recited, and not subject to contradiction by evidence *aliunde*. 29 C. J. 99, and cases cited. A statement filed by the Judge as to matters occurring before him is usually regarded as importing absolute verity. 6 R. C. L. 537."

In the case of Baumgartner v. Joughin, 105 Fla. 335, 141 Sou. 185, we said:

"Determination of the facts and inferences to be drawn therefrom, is necessarily left to the decision of the trial judge, and his conclusion as to the acts done, and as to their contemptious character or effect will not be lightly disturbed by this Court on *habeas corpus*. Nor will the findings of

the Judge ordinarily be set aside when reasonably supported by the facts appearing of record."

It is true that where the judgment in contempt clearly appears to have been arbitrary and capricious it may be adjudged illegal in habeas corpus proceedings but before such result obtains the showing must be clear and unequivocal that the action of the court in imposing the judgment was arbitrary and capricious.

The instant case falls somewhat short of meeting the requirements of that rule.

It is, therefore, our judgment that the petitioner be remanded and the writ discharged.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concur in opinion and judgment.

Justices WHITFIELD and CHAPMAN, not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.