### E. L. WARD v. STATE.

194 So. 637

Opinion Filed March 15, 1940

*Wm. W. Flournoy* and *S. M. Preacher,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

TERRELL, C. J.—Plaintiff in Error was informed against

and charged with having unlawful carnal intercourse with an unmarried female under the age of eighteen, of previous chaste character. The information was filed May 13, the defendant was served with capias May 15, and put on trial May 19. He was convicted and sentenced to serve ten years in the State penitentiary. He seeks relief from that judgment on writ of error.

When the case was called for trial, defendant moved for a continuance on the ground that when the capias was served on him, he was ill with chronic heart trouble, was confined to his bed, and had not had opportunity to confer with his counsel and prepare his defense. The denial of this motion is the basis for the first question urged here.

Before beginning the trial, the Court appointed two doctors who examined defendant and reported him physically able to be tried. The trial proceeded but after the evidence was all in and counsel were arguing the case, defendant fainted and slumped in his chair. He was taken out of the court room and was not brought back until the following morning at which time arguments were concluded, the jury was charged, a verdict of guilty was returned, and the sentence was imposed.

The answer to the first question turns on whether or not the trial court abused his discretion in refusing to grant the motion for continuance. Even if we felt that we would have granted a continuance under the circumstances, that would not be ground for reversal unless the discretion of the trial court was shown to have been abused.

It is shown that the defendant had had a chronic heart condition for a year or more, that when he was returned to the court room to complete the trial, he was brought in on a cot, but it is not shown that this condition mitigated against him. He was approaching his middle sixties and

240

by reason of his impaired health, the short time allowed him to prepare for trial and the unsatisfactory state of the evidence, a majority of the Court have reached the conclusion that a new trial should be awarded.

The judgment below is therefore reversed.

Reversed.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs specially.

THOMAS, J., dissents.

BUFORD, J. (concurring specially).—It is generally conceded that a charge such as that of which plaintiff in error was convicted is one easy to make and hard to successfully defend against. The gravamen of the offense lies in the violation of virtue rather than in the immoral act of sexual intercourse. It is a matter of common knowledge that although a young woman may be of unchaste character it is hard for one charged with the violation of her chastity to procure witnesses who will testify disclosing their knowledge of her previous unchastity. I think the defendant on account of his physical condition and the nature of the charge should have had reasonable time to prepare his defense and that justice demands that he have a new trial.