87 So.2d 416 (1956)
Alvin Charles DAVIS, alias Charles E. Burns, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division B.
May 2, 1956.
Rehearing Denied May 31, 1956.
*417 Joseph A. Varon, Hollywood, and Ray Sandstrom, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The appellant was convicted of breaking and entering with intent to commit a misdemeanor.
We have read the evidence in this case and judging it by the rule that circumstantial evidence in order to support a conviction must not only be consistent with guilt but also inconsistent with innocence, we decide that it meets the test and that there is no occasion to interfere with the judgment on that account.
The appellant asserts that the information was so wanting in essential allegations as to charge no action denounced as a crime by the laws of Florida. The position is based on the description in the information of the place said to have been broken and entered. It was described as "the #5 housing facility of Mr. and Mrs. Henry Driemeyer at the Coral Shores Motel located at 17030 Gulf Blvd., North Redington Beach, in said [Pinellas] County and State [of Florida] * * * the property of Al L. Fellner * * *." Under the applicable statute the act of breaking and entering "any dwelling" or "any building" with intent to commit a misdemeanor constitutes a felony. Sec. 810.05, Florida Statutes 1953, and F.S.A.
Appellant argues forcefully that property described as a "housing facility" does not fall in either category, and we add that that term has not received a definition in any authority we have consulted but it does not follow that the description of the place alleged to have been broken and entered rendered the information so defective that we should reverse the judgment even though no attack was made on the information by motion to quash.
The term "housing facility" and the title "motel" are of recent origin. The former has come to mean in the last decade or so a unit, usually in a sizeable development, that serves as a home; the word "motel" is a combination of the words "motor" and "hotel" and is applied to "a hotel or group of cottages which provide sleeping, and often eating, accommodations for motorists." Thorndike-Barnhart Dictionary. When we consider the rest of the description in the information following the words "housing facility", we come to the view that the place appellant was charged with entering was well defined as a unit, cabin or apartment, occupied by Mr. and Mrs. Driemeyer in a motel owned by Al L. Fellner located at a particular number on a street in a certain town and county in this state.
The quoted language abundantly apprised the appellant that he was charged with the offense of breaking and entering a building with intent to commit petit larceny and we think that the sufficiency of the intelligence he gained from the description is indicated by his plea of not guilty and his failure to attack the information. At this late date and in the absence of any such assault we decline to accept appellant's view that the information was so fatally defective that the judgment against him had no foundation. Sinclair v. State, Fla., 46 So.2d 453. We do not doubt that the information contained sufficient allegations that the appellant broke and entered a building if, indeed, they did not show that he broke and entered a dwelling. Jones v. State, 147 Fla. 677, 3 So.2d 388.
*418 The appellant complains of the action of the court in admitting the testimony of a witness who had formerly been employed by the appellant. Briefly, this witness told of the manner in which the appellant operated while he committed his depredations on motels. The witness, serving as a chauffeur, would drive the appellant to a certain place in the late evening and leave him, whereupon he would be instructed where, at some distance away, he was to meet the appellant early the next morning. The appellant would change to work clothes in the car before they separated and would change in the car to better clothes after he was met by the witness the following day. The appellant would then reward him handsomely. The witness had pleaded guilty to charges made against both him and the appellant growing out of this nefarious business and the witness knew that the appellant's occupation was "taking motels."
It is true that the criminal activities described by the witness were not directly connected with the offense then being tried, but the pattern of operation followed by the appellant and the witness on former occasions corresponded with the methods used by the appellant and his accomplice in this case as they were related by the latter when he became a witness for the state.
Ordinarily in the trial of a criminal case evidence of other crimes committed by the defendant is not admissible, but such testimony may be received for the purpose of showing a criminal course that the defendant was following even though such evidence tends to prove commission of an unrelated offense. It is not admissible to prove the defendant committed the crime charged "but to show his purpose, plan, intent, or knowledge * * *." Suarez v. State, 95 Fla. 42, 115 So. 519, 527; Wallace v. State, 41 Fla. 547, 26 So. 713; Padgett v. State, Fla., 53 So.2d 106. Such testimony did not constitute a direct assault on appellant's character as he contends. Jordan v. State, 107 Fla. 333, 144 So. 669.
The appellant also complains of an assault on his character in violation of the rule to which we have referred because of questions asked and answers given when his former associate was on the stand. The last two questions propounded by the attorney for the appellant on the cross-examination of the witness who had formerly been an employee and who had told of the system the appellant then was using were:
"Q. Have you ever been convicted of a crime? A. Convicted of a crime, no sir. I have pleaded guilty of a crime but I have not been convicted of it yet.
"Q. How many crimes have you pleaded guilty to? A. Seven."
The first two questions asked by the assistant state attorney, on redirect examination, were:
"Q. What crimes did you plead guilty to? A. The same crimes Mr. Burns was tried on before.
"Q. They were crimes you and Mr. Burns were charged jointly with? A. Yes, sir."
The surname Burns was the alias of the appellant Davis. No objection was made to these questions but after the last one had been answered, the counsel for appellant said this: "I object to the answer, if the Court please, and move it be stricken as not responsive." (Italics supplied.) Obviously the answer was responsive and in the objection there was no reference whatever to the effect it would have upon the character of Davis, alias Burns, so the court committed no error when he announced that the motion was overruled. We do not hold that the first answer elicited by the assistant state attorney or the second question asked by him were proper but we do hold that the objection and motion did not so present to the court their objectionable features that we should reverse the judge for ruling as he did.
The last question is a challenge of the court's ruling that property taken from an automobile owned by the appellant and driven by the accomplice was admissible in evidence. The officers had had the trailer occupied by the appellant under surveillance *419 for several hours when the accomplice drove up to it in the car. They immediately descended on the accomplice and arrested him, and they arrested the appellant also as he emerged from the trailer. The officers handcuffed the men, searched the trailer with appellant's consent and then searched the car. It seems to be the contention of the appellant that the search of the car was not an incident to the arrest. We think it was and that the property discovered in the car, which had been used to transport the appellant to places whence he made his criminal sallies by the man who drove him on those excursions, was definitely admissible when taken immediately after the two men had met and had been taken in custody. Italiano v. State, 141 Fla. 249, 193 So. 48.
The judgment is 
Affirmed.
DREW, C.J., O'CONNELL, J., and ANDERSON, Associate Justice, concur.