SPECTOR, Chief Judge
(dissents).
I respectfully dissent from the majority’s decision to reverse the conviction appealed herein.
The rationale for reversal upon which the majority rests is that the prosecutor overzealousness transformed the trial of the offense charged into a sideshow by introducing evidence of other heroin sales made by the defendant when such other sales were not included in the charges against him.
It is quite accurate that Williams v. State, 117 So.2d 473 (Fla.1960), forbids such prosecutive methods. The rule of Williams is sound. It prevents the State from using available evidence of one crime to convict an accused of another crime of which the State has no evidence. Even in cases where the State has some evidence, though not enough, the Williams rule prohibits the use of evidence of collateral crimes to serve in lieu of evidence it does not have to prove the crime charged. Put plain and simple, evidence of other crimes may not serve as a substitute for evidence of the crime charged. But it may be used in addition to evidence of the crime charged if it is relevant to the issues made in the trial of the charged crime.
Even though relevant, evidence of collateral crimes may be excluded if it is so overwhelming in comparison to the evidence of the charged crime that it tends to become the “feature” rather than a sideshow, as so picturesquely stated by Justice Thomas in Williams, supra. That is the lesson to be learned from the Williams case in 117 So.2d 473. Whether the evidence of the collateral crime is so overwhelming as to cause the transformation condemned by the said Williams case depends on the character and quality of the evidence adduced as to the crime charged.
In the case at bar, the majority opinion acknowledges that there were no shortcomings in the State’s case against the defendant as to the crime charged. There was no insufficiency or weakness in that evidence that caused the crime of which he was accused to become a mere sideshow. Indeed, the majority says of it, “In fact, the evidence of defendant’s guilt was almost conclusive.”
It seems to me that such conclusive evidence of the crime charged can hardly be said to be so underwhelming as to have *444 become a sideshow, while the evidence of the collateral crimes became the feature of the defendant’s trial.
Rather than being rendered inadmissible by the “sideshow” rule announced in Williams, supra, I think the evidence in the instant case is clearly admissible under the rule explained by Justice Thornal’s characteristically lucid opinion in Williams v. State, 110 So.2d 654 (Fla.), wherein the court held that relevancy was the test to be observed. At page 659, the court said:
“Our view of the proper rule simply is that relevant evidence will not be excluded merely because it relates to similar facts which point to the commission of a separate crime. The test of admissibility is relevancy. The test of inadmissibility is a lack of relevancy.”
At page 660, the court continued :
“However, according to Lapage (State v. Lapage, 57 N.H. 245), evidence of other crimes, and, we might add by inference, similar factual situations, are admissible against the accused if they are connected by circumstances with the crime in issue so that the proof of one fact, with its circumstances, has some bearing or relevancy upon the issue on trial, unless, of course, the only relevancy has to do with bad character or propensity.”
In Williams, 110 So.2d 654, the court adhered to an earlier decision in Davis v. State, 87 So.2d 416 (Fla.), wherein it approved the admissibility of evidence regarding the method of operation in accomplishing other burglaries on the ground that such testimony revealed a criminal course that the defendant was following and reflected a pattern of operation corresponding to that employed in that case. “This was a clear case of similar fact evidence that was admissible to show plan, scheme or design even though it also suggested the commission of an independent crime.” (110 So.2d 662)
It is quite clear that the rule in Florida is, and has been since at least 1686 when Selph v. State, 22 Fla. 537, and Mann v. State, 22 Fla. 600, were decided, that evidence of other crimes may be admitted if relevant to the factual issues of the crime charged. Obviously, evidence of other crimes invariably serves to detract from the defendant’s character and tends to establish a propensity toward criminality. Nonetheless, our courts have permitted such evidence to be introduced if it meets the test of relevancy.
In the case at bar, the identity of the defendant as the person from whom the State’s witness purchased the three bags of heroin was made an issue. Accordingly, under the rule discussed in Williams, 110 So.2d 654, evidence of a later sale of heroin by the defendant some nine or ten months later is admissible since it is relevant in that it tends to establish the defendant’s identity as one engaged in narcotics selling and thus has a material bearing on an essential aspect of the offense being tried. Had the evidence adduced by the State on other criminality by the defendant been wholly unrelated to narcotics violation, such evidence would not have been admissible under the rule of relevancy. For example, had the State introduced evidence that the defendant in this case had committed rape or was involved in an arson ring or automobile theft, all unrelated to drug traffic, then such evidence would have been improper since it would have no material bearing on an aspect of the drug offense being tried.
For the reasons discussed above, I would hold that no error occurred during appellant’s trial regarding the evidence of other heroin sales. The majority decision herein is not totally unsupported by the constitutional principle that a person charged with crime is entitled to be tried for that crime and that crime alone. Yet, the State Supreme Court has repeatedly held that evidence of other crimes is admissible if relevant.
*445 In due deference to the author of the majority opinion herein, I feel obliged to absolve him for the delay occasioned in the rendering of this opinion, for the majority opinion was prepared and circulated for my consideration some four months ago.
I would affirm the judgment of conviction reviewed herein.