BOYER, Judge.
Walter Gould was charged by information with the crime of arson in the first degree “contrary to the provisions of Section 806.01 of the Florida Statutes”, the information alleging that the accused “did then and there wilfully and maliciously cause the burning of a dwelling house by counseling or procuring another towit: Danny Crain, to burn a one-story wood-frame dwelling * * * the residence of the said Walter Gould, and in furtherance of and pursuant to the said counseling and procurement * * * the said Danny Crain did, * * * burn or cause the aforesaid dwelling house to burn *227 * * * . ” Gould was not charged under Florida Statute 806.06, burning to defraud an insurer.
The facts of this case cannot be reasonably distinguished from those in Love v. State, Sup.Ct.Fla.1932, 107 Fla. 376, 144 So. 843. As pointed out in that case, and in King v. State, Sup.Ct.Fla.1940, 145 Fla. 286, 199 So. 38, the crime of arson in the first degree prohibited by Florida Statute 806.01 is distinct, separate and different from the crime of burning with intent to injure or defraud an insurer demonstrated by Florida Statute 806.06.
Walter Gould was found guilty by a jury of his peers and was sentenced to 25 years hard labor. He now appeals that conviction and sentence.
In Love v. State, supra, the Supreme Court of Florida, after discussing the distinction between the two crimes prohibited by the predecessors to F.S. 806.01 and F.S. 806.06, said:
“Turning now to the evidence, the sufficiency of which, to support a conviction under the statute, is challenged, we fail to find in such evidence any substantial proof of the wilfullness and maliciousness of the burning complained of.
“A prosecution under section 1 of chapter 15603, supra, is intended to cover a more serious and different kind of offense than that denounced by chapter 15602, Acts 1931. The latter chapter deals specifically with the offense of burning to defraud an insurer. The former statute covers willful and malicious burnings with or without an intent to defraud an insurer. While we do not go so far as to say that a burning to defraud an insurer may not, under certain established conditions, be a ‘wilful and malicious’ burning as well, the willfulness and maliciousness necessary to support a conviction under section 1 of chapter 15603, supra, cannot be implied from the fact alone that the defendant set fire to or burned his own property while it was subject to an insurance policy.
“The case seems to have been tried below on the theory that, where there is evidence tending to show a burning by the defendant of his own property, which was subject to an insurance policy, proof of such facts, which might have supported a charge of burning to defraud an insurer, will warrant a conviction of section 1 of chapter 15603, denouncing the offense of a willful and malicious burning, without any showing of additional facts from which the willfulness and maliciousness of the act of setting fire could be implied, other than that it would make possible the collection of an insurance policy. That, as has been pointed out, is an erroneous conception of the scope of the two statutes enacted in 1931. One is punishable by a much less severe punishment than is provided for the other, and they cannot be regarded as interchangeable proceedings for reaching and punishing that regretfully large and increasing number of criminal burnings deliberately contrived to swindle insurers.
“It follows from what we have said that a new trial should have been granted.
“Reversed for a new trial.”
(144 So. 844)
We find from the record that the above quoted language from the Love case fits like a glove the facts in the case sub judice. The evidence tended to prove, if anything, that appellant procured the burning of his house to defraud an insurer. As said the court in the Love case, supra, “we fail to find in such evidence any substantial proof of the wilfullness and maliciousness of the burning complained of.”
Finding as we do that we must reverse for a new trial, we deem it desirable to touch briefly on two other points raised on appeal.
*228 Appellant argues that the trial judge erred in admitting into evidence certain photographs of a body removed from the burned building and alleged to be that of Danny Crain. We do not find such to have been error under the facts of this case. Evidence was adduced in support of the charge that appellant has procured or attempted to procure Danny Crain to burn appellant’s residence. A body was discovered in the burned residence under such circumstances as to suggest that it was the body of the person who had set the fire. Under such circumstances it was entirely proper to introduce pictures of the body for the purpose of establishing its identity. Photographs otherwise relevant, will not be held incompetent merely because they are gruesome or tend to prejudice the jury. (Mardorff v. State, Sup.Ct.Fla.1940, 143 Fla. 64, 196 So. 625) The fact that the body was removed from the burned building prior to the photographs being taken is immaterial so long as the body of which photographs are exhibited is established as being the body removed from its original position. This is not a case where the only thing to be accomplished by displaying the photographs was to inflame or prejudice the jury. (See Dyken v. State, Sup.Ct. Fla.1956, 89 So.2d 866) The number of photographs, of course, should be limited to those reasonably necessary to establish the facts sought to be proved thereby and, where there is a choice, the less gruesome and inflammatory should be chosen for introduction into evidence and exhibition to the jury in favor of those more gruesome and inflammatory.
Appellant also urges that the photographs were inadmissible because of the State’s failure to comply with Rule 3.-220(a)(1). Recognizing that failure to comply with that rule does not, ipso facto, require reversal, the rule should nevertheless be complied with and, in a proper case, the, failure so to do will constitute reversible error. (Richardson v. State, Sup. Ct.Fla.1971, 246 So.2d 771) Inasmuch as the photographs have now, in fact, been exhibited and appellant is aware of their existance this should not be a problem upon retrial.
It would be premature for us to here decide or comment upon the propriety of appellant being now charged under Florida Statute 806.06.
Reversed and remanded for further proceedings consistent herewith.
RAWLS, C. J., and McCORD, J., concur.