416 So.2d 522 (1982)
Joseph LOFTON, Appellant,
v.
STATE of Florida, Appellee.
Albert P. DEANDREA, Appellant,
v.
STATE of Florida, Appellee.
Nos. 80-1691, 81-444.
District Court of Appeal of Florida, Fourth District.
July 28, 1982.
Alan H. Schreiber, Public Defender, Peter F. LaPorte, Asst. Public Defender, and Lee F. Carney, Legal Intern, Fort Lauderdale, Richard L. Jorandby, Public Defender, and Richard B. Greene, Asst. Public Defender, West Palm Beach, for appellant-Lofton.
Richard L. Jorandby, Public Defender, and Richard B. Greene, Asst. Public Defender, West Palm Beach, for appellant-Deandrea.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer and Russell S. Bohn, Asst. Attys. Gen., West Palm Beach, for appellee.

ON PETITION FOR REHEARING
DOWNEY, Judge.
By petition for rehearing appellant points out that our opinion, issued June 16, 1982, contains an erroneous statement of the law regarding legal malice in arson. While we adhere to our decision generally, we have modified our opinion to eliminate the aforesaid statement. Accordingly, appellant's petition for rehearing is granted, our opinion is modified, and as so modified it is republished.
These consolidated cases involve the constitutionality of Section 806.01(1)(a), Florida Statutes (1979), commonly known as the Arson Statute. The parties in Deandrea v. State, Case No. 81-444, have agreed that the decision in Lofton v. State, Case No. 80-1691, should control in both cases. Accordingly, we shall deal specifically with the Lofton case.
The State charged appellant, Joseph Lofton, with arson pursuant to Section 806.01(1)(a), Florida Statutes (1979). Lofton moved to dismiss the information on the ground that the statute is unconstitutional. When the trial court denied that motion, Lofton pleaded nolo contendere to attempted arson, reserving the right to appeal the denial of the motion to dismiss. In presenting a factual basis for the plea, the State indicated it was prepared to prove that appellant had been a tenant of the subject premises and was evicted because his rent was in arrears. Appellant asked the landlord if he could go back into the apartment to remove his belongings and the landlord consented. A short time later, appellant told a next door neighbor he had started a fire and suggested the neighbor tell the landlord to call the fire department. By the time the fire department arrived the fire was out. Two expert witnesses would testify that the fire, which was limited to the bed and some material on top of it, had been deliberately set. The trial court accepted the plea and placed appellant on probation for two years.
Appellant contends the trial court erred in denying his motion to dismiss on the grounds the statute is unconstitutional.
The statute in question[1] was amended effective June 1, 1979. The amendment *523 contained two major changes: 1) the new amendment prohibited the "willful and unlawful" burning, as opposed to the "willful and malicious" burning contained in the prior statute, and 2) it prohibited the willful and unlawful burning of the contents of a dwelling and specified structures.
Appellant contends that the common law definition of arson involved malice and that substitution of the term unlawful for the traditional term malicious leaves the statute without an adequate standard of proscribed conduct. We disagree.
Under the former statute, arson convictions were difficult to obtain because of the problems inherent in proving malice, i.e., the defendant's evil intent.[2] For example, in Gould v. State, 312 So.2d 225 (Fla. 1st DCA 1975), the First District Court of Appeal reversed the arson conviction of a defendant who had burned his own house with intent to defraud the insurer of the house because proof of malice was lacking.
In order to alleviate this problem, the Legislature substituted the word "unlawfully" for the word "maliciously." Under this new wording the State need not prove an evil intent on the part of the perpetrator. It need only be shown that the willful act was done without a legitimate, lawful purpose.
Lofton also contends the statute is vague because the term "contents" is itself vague. Rhetorically he asks whether a homeowner would be guilty of arson by willfully breaking up and burning his furniture in his fireplace on a cold night. In our judgment the obvious answer is no because the act described is not unlawful. In any event, we hold the term is not vague.
After consideration of Lofton's contentions regarding the constitutionality of Section 806.01, we are convinced the trial judge properly concluded the statute is constitutional. Accordingly we affirm the conviction in both of these consoliated cases.
AFFIRMED.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.
NOTES
[1] Section 806.01, Florida Statutes (1981), provides as follows:

(1) Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged:
(a) Any dwelling, whether occupied or not, or its contents;
(b) Any structure, or contents thereof, where persons are normally present, such as: Jails, prisons, or detention centers; hospitals, nursing homes, or other health care facilities; department stores, office buildings, business establishments, churches, or educational institutions during normal hours of occupancy; or other similar structures; or
(c) Any other structure that he knew or had reasonable grounds to believe was occupied by a human being,
is guilty of arson in the first degree, which constitutes a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(2) Any person who willfully and unlawfully by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or another, under any circumstances not referred to in subsection (1), is guilty of arson in the second degree, which constitutes a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) As used in this chapter, "structure" means any building of any kind, any enclosed area with a roof over it, any real property and appurtenances thereto, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.
[2] Fla. Stat. § 806.01: Florida Arson Law  Evolution of the 1979 Amendments, 8 F.S.U.L.Rev. 81 (1980).