DEWEY BOOKER, RUFUS BAGGETT ALIAS BUD BAGGETT, JOE
BAGGETT, HENRY KENNEDY, AND ALEX. KENNEDY, *Plain-tiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Division A.

## Opinion Filed February 9, 1927.

1. On the trial of an indictment charging one under Section
5119, Revised General Statutes, with the offense of breaking
and entering "an outbuilding or structure within the
curtilage of the dwelling house of one H., commonly called
a smokehouse, the property of the said H., with intent then
and there to steal, take and carry away" the property, goods
and chattels of another of less value than fifty dollars,
evidence that the defendants upon the night the offense
was alleged to have been committed went upon the premises
and entered a fowl house, a building different from the
"smokehouse" and separated from it, and took a number of
fowls was admissible as tending to show the presence of the
defendants on the scene of the crime on the night it was
committed.

2. Under a statute which provides a penalty for acts in the
disjunctive an indictment may allege the acts in the con-
junctive and proof of one state of facts so alleged will suf-
fice to sustain a verdict of guilt.

3. If one state of facts is alleged under such a statute, however,
proof of the existence of the other state of facts denounced
by the statute will not suffice.

4. Evidence examined and found insufficient to sustain the
verdict.

A Writ of Error to the Circuit Court for Santa Rosa
County; T. F. West, Judge.

Judgment reversed.

*J. T. Wiggins*, for Plaintiff's in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—Dewey Booker and four others were convicted of breaking and entering a "smokehouse," within the curtilage of a dwelling house, with intent to commit larceny of property of less value than fifty dollars.

The property stolen consisted of bacon, which was taken from a smokehouse, and several chickens and turkeys from a chicken house. The property belonged to P. B. Hobbs, and the houses from which it was taken were located on the place which he occupied as a home and near to his dwelling house.

The plaintiffs in error seek to reverse the judgment on writ of error. There are three assignments of error. The first is that the Court erred in overruling the defendants' objection to a question propounded to the witness, P. B. Hobbs; another attacks the sufficiency of the evidence to support the verdict. The witness was asked the following question: "Did you miss anything out of the fowl house on that night?" The objection was that the question was irrelevant and immaterial. The objection was overruled and exception was taken.

The defendants were charged with the offense of breaking and entering "an outbuilding or structure within the curtilage of the dwelling house of one P. B. Hobbs, commonly called a smokehouse, the property of the said P. B. Hobbs, with intent then and there to steal, take and carry away the property, goods and chattels of another of the value of less than fifty dollars." The fowl house was a separate builidng from the "smokehouse," in which latter meat was kept and stored in barrels for the family use. The fowl house, as its name indicates, was a roosting shed or cover for the fowls which the owner kept on the place.

There was no evidence that that building was entered by breaking. The witness was permitted to testify that he missed ten or twelve chickens and two turkeys from the fowl house. The defendants moved to strike that evidence; the motion was overruled and exception taken.

The defendants were indicated under Section 5119, Revised General Statutes, denouncing the offense of breaking and entering or entering without breaking any dwelling or storehouse, or any building, ship or vessel or railroad car with intent to commit a misdemeanor, but the indictment alleged with particularity that the defendants broke and entered a certain building described as a ''smokehouse.'' While the proof should be confined to the allegations, the fact that the same night the fowl house also was entered and fowls stolen was not immaterial. While the stealing by the defendants of the ten or twelve chickens by entering the fowl house without breaking would not support the allegation of breaking and entering a smokehouse with intent to commit a misdemeanor, it was a circumstance tending to show their presence that night on the scene of the alleged crime.

It may not have been necessary for the pleader to have alleged in the indictment with such particularity the elements of the offense charged, but having done so he is required to establish the allegation beyond a reasonable doubt by appropriate evidence. Otherwise a person charged with an offense would be seriously embarrassed in defending himself and placed at a disadvantage, which the law does not contemplate shall be taken of him. See Barker v. State, 78 Fla. 477, 83 South, Rep. 287.

The statute provides a penalty for acts in the disjunctive. The indictment may have alleged them in the conjunctive and proof of one would have sufficed. See King v. State, 17 Fla. 183; Bradley v. State, 20 Fla. 738.

But if one state of facts is alleged it cannot be established by proof of the other. See Washington v. State, 21 Fla. 328.

There was little or no evidence upon which the jury could have found the defendant guilty of entering the smokehouse; although there may have been sufficient evidence to sustain a conviction of entering without breaking the fowl house and the stealing of the chickens.

Judgment reversed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.