**UNITED STATES of America,**
**Appellee,**

v.

**Irving Thomas HARRIS, Appellant.**

**No. 11991.**

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1968.

Decided Aug. 20, 1968.

**688**

F. T. Stant, Jr., Norfolk, Va., (Edwin Jay Rafal, Norfolk, Va., on brief) for appellant.

Roger T. Williams, Asst. U. S. Atty., (C. V. Spratley, Jr., U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Irving Thomas Harris was convicted of violating 18 U.S.C.A. § 1952 by using the mails with intent to promote a gambling enterprise in violation of the laws of Virginia, and thereafter performing acts to facilitate the carrying on of that unlawful activity. On appeal, Harris questions the propriety of the seizure of a large quantity of dice and the sufficiency of the evidence. As to the latter point, his contentions are that none of the dice seized were shown to have been used in a particular game, and that the gaming enterprise was not shown to be in violation of the laws of Virginia. We affirm.

Special Agent Egan of the FBI secured a search warrant from a United States Commissioner on September 23, 1966 authorizing a search of Harris's residence for records and wagering paraphernalia allegedly used in the conduct of an illegal wagering business. In support of his application for a search warrant, Egan's affidavit listed numerous telephone calls from Harris's house to a bookmaking establishment, the Sports Center, in Reno, Nevada, and stated that informants of proven reliability had advised him that Harris was furnishing local bookmakers with sports line information and was accepting layoff bets from them at his residence.

The warrant was executed shortly before noon on the same day that it was issued. In the course of the search the agents found 101 boxes of dice (4 to a box), 59 loose dice, 14 empty dice boxes, 5 leather dice cups, 1 dice point, and numerous papers, including baseball and football schedules of the type used by bookmakers. Eleven of the 14 empty dice boxes and 97 of the 101 boxes containing dice bore a label indicating they had been shipped c.o.d. to Harris in Portsmouth, Virginia from H. C. Edwards & Co. in New York. The agents also observed a telephone bill addressed to a house on Ocean View Avenue in Norfolk, Virginia. When asked about the bill after being advised of his rights as required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 694, Harris stated, "Yes, that's my place and I've used these dice to hold a crap game down there." At that point Harris was arrested and the dice were seized.

These dice, observed during a search with a warrant and reasonable as to time, space and intensity—indeed there being no contention that the search was excessive—were legitimately seized after Harris's admission and arrest. Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782. As for Harris's other contentions mentioned above which went to the sufficiency of the evidence issue, the District Court adequately discussed them and we affirm on the basis of the District Court's memorandum opinion of November 14, 1967, 275 F.Supp. 161.

Affirmed.