HOBSON, Judge.
Defendant-appellant, Nickdomias Heath, appeals a final judgment and sentence rendered pursuant to a jury verdict of guilty to both counts as charged in each of four informations.
Four informations for forgery and uttering a forged check were filed against defendants, Nickdomias Heath, Thomas Atkinson (a/k/a Barry Draper), Barbara Lutz and Robert M. Rivera (a/k/a Michael Rivera). In each information, Count I alleged that defendant Heath committed forgery on the face of a bank check. In each information, Count II alleged that defendant Heath did utter and publish as true a bank check to a particular supermarket with intent to defraud.
There was competent substantial evidence to convict defendant Heath of the first count as charged in each information. In the direct testimony of Barbara Lutz, she stated that on May 19, 1967, Heath and another person entered the motel room where she was staying and handed her 48 checks. Defendant Heath then proceeded to instruct her how to sign a forged name upon the face of these checks. She stated that she followed the instructions given her and signed the 48 checks, placed them in a drawer and went to sleep. Her testimony further reveals that she never saw the checks again and did not know what happened to them after she went to sleep.
As to Count II, appellant Heath contends that the evidence is insufficient to sustain the jury verdict and judgment of conviction for the crime of uttering and publishing a forged instrument with intent to defraud, and that the trial court erred in denying his motion for directed verdict at the clase of the State’s case. We agree and reverse as to each Count II in all four in-formations.
We have been unable to discern from this record any evidence which would sustain Count II in any of the four informations. There is nothing in the record to connect Heath with the uttering and publishing of any of the forged bank checks in question to any of the supermarkets set out in the informations with intent to defraud.
Competent evidence must be adduced as to each element of an alleged criminal offense. Hill v. State, Fla.App. 1968, 209 So.2d 689, 690. Such was not done in this cause, so the judgments of conviction as to Count II of each information are reversed for further proceedings but affirmed as to Count I of each information.
It is so ordered.
LILES, C. J., and McNULTY, J., concur.