UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank Cacciatore IPPOLITO, a/k/a Cowboy, Defendant-Appellant.

No. 29343.

United States Court of Appeals,
Fifth Circuit.

Feb. 9, 1971.

**418**

Thomas F. Granahan, Seymour L. Honig, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Hugh N. Smith, Richard H. McInnis, Asst. U. S. Attys., Tampa, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and TUTTLE and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant was convicted under an indictment laid under 18 U.S.C. § 1952, charging use of a facility in interstate commerce—wire facilities of Western Union—with intent to carry on a business enterprise involving gambling in violation of the laws of the United States (18 U.S.C. § 1084) and of Florida (Florida Statutes 849.11 and 849.14, F.S.A.).

The District Court did not err in denying a motion to suppress evidence seized pursuant to a search warrant issued by a state court and executed by state officers. The warrant was valid. The affidavit on the basis of which it was issued was made by Deputy Sheriff Bexley. It described particular premises in Tampa, Florida, and alleged belief and reason to believe that there was being kept on the premises "wagering or betting slips, rundown sheets, gambling equipment, apparatus, devices and other gambling records or paraphernalia commonly used in bookmaking operations." The facts set out to show probable cause were:

That the affiant knows of gambling existing in Hillsborough County, Florida and has been investigating said gambling. And that the affiant received information that a John Doe whose Christian name to the affiant is unknown, who could be found at the aforesaid premises was receiving and recording unlawful bets or wagers for money all of which is contrary to the laws of the State of Florida; that the affiant's reasons for his beliefs are that on May 20, 24, and 25, 1966 the affiant did personally observe the said John Doe receiving and recording unlawful bets or wagers for money on the outcome of baseball games. And that the affiant believes and has good reason to believes [sic] that located in said premises are wagering or betting slips, rundown sheets, gambling equipment apparatus, devices, and other gambling records or paraphernalia commonly used in bookmaking operations; wherefore your affiant believes and has good reason to believe that the aforesaid premises is being used as a gambling house and as a place for receiving and recording unlawful bets and wagers on the outcome of baseball games and other types of gambling.

Appellant contended that the affidavit was false in that Officer Bexley did not observe John Doe (Ippolito) "receiving and recording unlawful bets or wagers on the outcome of baseball games," and that even if the statement was true the affidavit was insufficient to constitute probable cause.

Testimony at the hearing on motion to suppress showed the following. Bexley was an experienced gambling investigator. He commenced investigation of the Club Italia, located on the described

premises, at the request of another deputy, and was told that bets were being made there and that he should try to place a bet. He went there on three occasions, May 20, 24 and 25. A ticker tape was operating. He saw money being given to appellant by five to ten persons, each of whom would come to the counter and give currency to appellant. No change was given. Appellant would write something down on a piece of paper. He would not deliver anything of value to the person paying money, although the club sold beer and potato chips at the bar. On one occasion Bexley heard a woman who paid over money call out a two digit number, what Bexley described as a "number 2–4 or something." He was unable to attempt to place a bet because the appellant became suspicious of him.

Officer Bexley, who many times before in his experience had observed bets being made, was justified in concluding that the activity he observed was the placing of unlawful bets. The particular type of athletic contest on which the bets were placed was surplusage. Bexley's acknowledgement that he did not know whether they were bets on baseball games does not invalidate the warrant. The law is not this hypertechnical in implementing the preference that searches be by warrant. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L. Ed.2d 684 (1965). The statement concerning receipt of information from another was not so identified as to source that the magistrate could assess its credibility, but probable cause was shown independently by the recitals of Bexley's own personal observations. That information was sufficient unto itself to warrant a man of reasonable caution to believe that an offense was being committed, a reasonable probability of criminal activity. United States v. Rich, 407 F. 2d 934 (5th Cir.), cert. denied, 395 U.S.

922, 89 S.Ct. 1775, 23 L.Ed.2d 239 (1969).

■ The court did not err in denying motion for judgment of acquittal. There was evidence of appellant's activities, on four different occasions within a 12-day period as described by Bexley and another officer, and of his use of the ticker tape. The government introduced a paper dropped by him when he was arrested, containing notations identified as a record of a bet, and slips with similar notations which had been scattered around the ticker tape. This was sufficient to present to the jury an issue of whether under all the evidence, though appellant himself was actually observed using the ticker only one time, his use was with the intent to carry on an enterprise involving gambling. The "enterprise" is not limited, as appellant contends, to the single use of the ticker observed. Cf. United States v. Harris, 275 F.Supp. 161 (E.D.Va.), aff'd, 399 F.2d 687 (4th Cir. 1968); United States v. McMenama, 403 F.2d 969 (6th Cir. 1968).

■ The indictment alleged intent to carry on a business enterprise involving gambling in violation of—stated conjunctively—the laws of the United States and the laws of Florida. Appellant says that the government was required to prove that the enterprise would violate both the federal and the state law and that the proof failed as to the federal law. We need not consider the proof as to federal law because the hypothesis is wrong. Pleading in the conjunctive is correct, and proof of either is sufficient to support a verdict. Price v. United States, 150 F.2d 283 (5th Cir.), cert. denied, 326 U.S. 789, 66 S.Ct. 473, 90 L.Ed. 479, rehearing denied, 327 U.S. 813, 66 S.Ct. 519, 90 L.Ed. 1038 (1945).

Affirmed.