ORFINGER, Judge.
Ankiel appeals from a judgment of conviction and sentence for trafficking in more than 400 grams of cocaine, a controlled substance. § 893.135(l)(b)3, Fla.Stat. (1983). We affirm the conviction but reverse the sentence and remand for resen-tencing.
The information filed by the State charged that Ankiel did “knowingly possess ... in excess of over 400 grams of cocaine ...” Under section 893.135(1)(b)3, any person who, among other things, possesses 28 grams or more-of “cocaine ... or of any mixture containing cocaine ...” is guilty of a first degree felony, known as trafficking in cocaine. If the amount of cocaine involved is 400 grams or more, the minimum mandatory sentence is 15 years’ imprisonment and a fine of $250,000. If, however, the amount of cocaine involved is 200 grams or more but less than 400 grams, while the crime is still the first degree felony of “trafficking,” the minimum mandatory sentence is 5 years’ imprisonment and a fine of $100,000.
At trial, the State proved that the substance seized from defendant weighed a total of 439 grams; that it contained impurities as well as cocaine and that there was more cocaine than impurities. There was no testimony that the substance seized from the defendant contained 400 grams or more of cocaine. This evidence does not support a conviction for possession of 400 grams or more of cocaine, although it does support a conviction for possession of 200 grams or more but less than 400 grams of cocaine which, as pointed out, is still the first degree felony of trafficking, but which involves a different minimum mandatory sentence and fine.
The State argues that because it could have charged the defendant with possession of more than 400 grams of a mixture containing cocaine, which charge would have been supported by the evidence, there is no fatal variance between the charge and the proof, and hence the conviction for the higher trafficking offense can be sustained. In support of its position the State relies on State v. Sobel, 363 So.2d 324 (Fla.1978). We disagree with the State’s argument.
In Sobel, the defendant was charged with possession of lysergic acid. The proof at trial established that the defendant possessed lysergic acid diethylamide, a compound which contains lysergic acid. The supreme court held that the variance between the information and the proof was not fatal because the jury could have found from the evidence that lysergic acid diethylamide contained lysergic acid. Thus, in Sobel, the State proved more than it was required to prove. That is not the situation here.
This case is more like Booker v. State, 93 Fla. 211, 111 So. 476 (1927), where the defendant was charged and convicted of breaking and entering a smoke house. The evidence at trial, however, established that the defendant had entered a fowl house and had stolen chickens and turkeys. The supreme court held that this evidence was insufficient to sustain the conviction explaining as follows:
It may not have been necessary for the pleader to have alleged in the indictment with such particularity the elements of the offense charged, but, having done so, he is required to establish the allegations *265 beyond a reasonable doubt by appropriate evidence; otherwise a person charged with an offense would be seriously embarrassed in defending himself, and placed at a disadvantage which the law does not contemplate shall be taken of him. [Citation omitted]. The statute provides a penalty for acts in the disjunctive. The indictment may have alleged them in the conjunctive, and proof of one would have sufficed. [Citation omitted]. But if one set of facts is alleged, it cannot be established by proof of the other.
111 So. at 477. See also Jiminez v. State, 231 So.2d 26 (Fla. 3d DCA 1970) (proof of sale of morphine, a derivative of opium, not sufficient to sustain an information charging sale of heroin, also a derivative of opium).
In Jones v. State, 325 So.2d 436 (Fla. 1st DCA), cert. denied, 339 So.2d 1172 (Fla.1976), the defendant was charged with possession of a firearm by a convicted felon under a statute which made it unlawful for a convicted felon to have in his care, custody, possession or control any firearm. In reversing the conviction, the court held that although the State may have proved ownership, it had not proved possession. Despite the fact that the State could have charged the defendant with “possession, care, custody or control,” by charging only possession of the firearm, the State obligated itself to prove possession in order to obtain a conviction under the statute.
So too here, while the State could have charged the defendant with possession of 400 grams or more of “cocaine or of a mixture containing cocaine,” it chose not to do so, and instead charged him only with possession of cocaine. The State proved only that the defendant possessed 200 grams or more of cocaine, but it did not prove possession of 400 grams or more of that drug.
We have considered and find no merit to the defendant’s other points on appeal. The judgment of conviction for trafficking is affirmed. The sentence is vacated and the case is remanded for resentencing[1] in accordance with this opinion.
SENTENCE VACATED; REMANDED.
COBB, C.J., and DAUKSCH, J., concur.

.Although not raised on this appeal, we note an error in the sentencing guidelines scoresheet which should be corrected on remand. The crime for which defendant was convicted is a first degree felony and not a third degree felony and should be so scored.