PER CURIAM.
In this appeal, we find no merit in either the state’s appeal or the defendant’s cross-appeal. We discuss only the defendant’s question whether the trial court erred in giving what defendant categorizes as a “modified Allen charge.” [1]
Defendant was charged with one count of kidnapping, two counts of sexual battery and one count of lewd assault on a child. The victim in each count was a female child twelve years of age at the time of the offenses. The lewd assault charge involved the same incident as charged in one of the sexual battery counts. On the kidnapping count, the jury found defendant guilty of the lesser included offense of false imprisonment. Defendant was found not guilty of one sexual battery count and guilty of the other sexual battery count and the lewd assault count that involved the same incident. After trial, on the basis *437 of defendant’s post-trial motions, the trial judge properly set aside the lewd assault conviction on the authority of State v. Hightower, 509 So.2d 1078 (Fla.1987). Hightower holds that a sexual battery charge and a lewd assault charge involving the same incident and acts with a child under sixteen are mutually exclusive.
Defendant argues that a mistrial should have been granted on all counts in lieu of the “modified Allen charge” that was given to the jurors during their deliberations. We disagree. The jury deliberated between four and five hours before returning its verdicts on all counts. They returned to the courtroom several times during their deliberations for further instructions or other information. They never announced that they were deadlocked or that they anticipated being unable to reach a verdict on any of the counts. It appears, though it is not definitively established by the record, that early into their deliberations they announced they would not break for dinner as they had reached verdicts on three of the four counts. It was never established which counts they had reached verdicts on at that time or what the verdicts were.
At one point, the jury returned to the courtroom to request further instruction on false imprisonment. Sometime later, they returned and asked that the victim’s testimony and that of one other witness be read to them. Because there had been a change of court reporters during the trial, it was impossible to read the testimony at that time, late on Friday afternoon. The trial judge then had considerable discussion with counsel as to whether a mistrial should be granted on all counts, or just the counts on which a verdict had not been reached or whether the jury should be excused over the weekend so they could be read the testimony on Monday. The trial judge finally announced that she would call the jury back to the courtroom, explain the predicament and announce she would accept the verdicts they had reached and declare a mistrial on those counts which had not been decided. When the jury was called back and the matter explained to them, the trial judge informed them they could discuss the matter among themselves and, in light of what she had told them, they could proceed to reach a verdict on the remaining counts or, if they could not, she would then declare a mistrial. The jury decided to proceed and within ten minutes returned with the aforedescribed verdicts deciding all four counts of the information.
Defendant argues that the trial judge should not have altered the procedure she had announced to counsel and allow the jury to elect to proceed. Defendant argues that a mistrial should have been declared on all counts. We do not agree. The situation presented to the trial judge was unusual. The jury had not announced a deadlock nor had it in any way indicated it could not reach a verdict. When the verdicts were returned, the trial judge asked if defense counsel desired to inquire of the jury which counts had previously been decided and which decided in their last brief deliberation. Defense counsel declined the offer.
It is clear from the record that the trial judge heard extensive arguments of counsel both before and after the jury’s deliberation. We conclude the trial judge’s final instruction to the jury allowing it the option to proceed without reading the requested testimony was the correct instruction. It was not prejudicial error for the trial judge to reach her final decision on that alternative after discussing the matter with the jury and without previously announcing that alternative to counsel. Counsel has not demonstrated how the trial judge’s handling of the matter constituted error.
Affirmed.
CAMPBELL, A.C.J., and PARKER, J., concur.
SCHOONOVER, J., dissents with opinion.

. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).