PARKER, Judge.
Telfare appeals from his convictions and sentences for the offenses of racketeering activity and conspiracy to traffic in heroin. We affirm.
Telfare was charged along with twelve others in a multi-count information alleging various drug, conspiracy, and racketeering offenses spanning fifteen and one-half months. The state specifically charged Telfare under count one with violation of the Florida RICO Act, in count two with conspiracy to traffic in heroin, and in count eighteen with possession of cocaine. Tel-fare and six codefendants proceeded to jury trial where Telfare was granted a judgment of acquittal on the cocaine possession charge,[1] but was convicted of the two remaining charges.
Although Telfare raises four points on appeal, we find that only the issue addressing the RICO conviction and sentence merits discussion. The Florida RICO Act requires proof of two incidents of racketeering conduct.[2] Beatty v. State, 418 So.2d 271 (Fla.2d DCA 1982). Count one of the information alleged three incident acts relating to Telfare. The trial judge struck one of the acts for insufficient evidence; therefore, two incident acts concerning Tel-fare remained. In one of the two remaining acts, the state alleged the following:
On March 7, 1986, in Hillsborough County, Florida, DONALD TELFARE AND MEL GADSON knowingly and intentionally used a telephone communication facility in committing, causing or facilitating the commission of conspiracies to possess and distribute, and commission of the felonies of distributing, the controlled substances heroin and cocaine in violation of Title 21, United States Code, section 841(a)(1) and 843(b), such conduct being defined as “racketeering activity” under Title 18, United States Code, section 1961(l)(d), and an act of racketeering activity as defined in F.S. 895.02(l)(b).
After reviewing the taped telephone conversations which took place on March 7, 1986, between Telfare and codefendant Gadson, we find that Telfare and Gadson *1280 talked exclusively about rock cocaine.[3] We note that the state, in its information, charged the incident act alleged to have occurred on March 7, 1986, in the conjunctive, “heroin and cocaine,” instead of in the alternative “heroin or cocaine.” There was no evidence presented at trial that Telfare and Gadson used a telephone on that date to conspire to possess and distribute heroin or to facilitate the substantive offense of distributing heroin.
The prosecution must prove every essential element of the crime charged. Purifoy v. State, 359 So.2d 446 (Fla.1978); Heath v. State, 220 So.2d 436 (Fla.2d DCA 1969). The question we must answer is whether the state has proved every essential element of the RICO statute. Stated another way, is proof of one, but not all, of the crimes alleged in one of the incident acts sufficient to sustain a RICO conviction?
Where a statute provides a penalty for acts in the disjunctive and the indictment alleges the acts in the conjunctive, proof of one act will suffice. Booker v. State, 93 Fla. 211, 111 So. 476 (Fla.1927).[4] Applying the principle of law to this case, the state alleged a telephone communication relating to “heroin and cocaine” in the conjunctive and proved only a communication regarding cocaine. Based upon the fact that the state proved the remaining portion of the RICO count, including the other incident act, as it relates to Telfare, we find that the state has proven the essential elements of the RICO violation. Accordingly, we affirm Telfare’s convictions and sentences for the RICO violation and conspiracy to traffic in heroin.
Affirmed.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.

. Telfare moved for a judgment of acquittal on all counts in which he was charged; however, the trial judge denied the motion as it related to the RICO and conspiracy counts.

. The Florida RICO Act is contained in sections 895.01-895.06, Florida Statutes (1985). Section 895.03(3) states: "It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity_” Section 895.02(4) defines "pattern of racketeering activity” as "engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated inci-dents_”

. Although Telfare and Gadson used verbal code in their conversation, other testimony presented at the trial identified the code words as referring only to rock cocaine.

. We note that federal decisions are in accord with this holding. See United States v. Haymes, 610 F.2d 309 (5th Cir.1980); United States v. Ippolito, 438 F.2d 417 (5th Cir.), cert. denied, 402 U.S. 953, 91 S.Ct. 1620, 29 L.Ed.2d 123 (1971).