563 So.2d 791 (1990)
John Kennedy JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00949.
District Court of Appeal of Florida, First District.
June 21, 1990.
Michael E. Allen, Public Defender, and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from a judgment and sentence following a jury trial for aggravated assault with a firearm. Appellant contends that prosecutorial misconduct in closing argument deprived him of a fair trial. We agree and reverse.
During closing argument, prosecutor John Terhune repeatedly accused defense counsel of further victimizing the victim and of seeking an acquittal at all costs rather than searching for the truth. Such remarks constitute a personal attack on opposing counsel and are clearly improper. Ryan v. State, 457 So.2d 1084, 1089 (Fla. 4th DCA 1984) (improper tactic which can poison the minds of the jurors); Briggs v. State, 455 So.2d 519, 521 (Fla. 1st DCA 1984) (wholly inconsistent with the prosecutor's role); Redish v. State, 525 So.2d 928, 931 (Fla. 1st DCA 1988) (clearly beyond bounds of proper closing argument).
Mr. Terhune also engaged in impermissible "golden rule" arguments, the most egregious of which occurred when he pointed the shotgun involved in the incident at one juror while arguing to the others that this was the same circumstance that confronted the victim. This extreme misconduct is similar to that condemned in Peterson *792 v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), wherein the prosecutor stated he would take two jurors and go back in the jury room and kill one of them, with the other being the sole witness. In reversing and remanding for a new trial, the district court held:
The appeal to the jurors to place themselves in the position of the state's sole witness  the supposed "victim" of the crime involved  was an entirely unjustified "golden rule" argument of a type which has been universally condemned... . Indeed, in simultaneously making one juror a victim and another juror a witness to the same "crime," counsel seems to have plumbed depths never before presented in the decided cases.
Defense counsel objected to some of the improper arguments, and the record indicates that the trial court did not approve of Terhune's conduct. However, the court declined to give cautionary instructions and allowed the improper argument to continue unchecked. As a result, defense counsel was obliged to spend his time in closing argument defending himself as well as his client. We are not convinced beyond a reasonable doubt that such pervasive error did not affect the outcome of the trial, as held in State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986):
The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Accordingly, the judgment and sentence below are reversed, and this cause is remanded for a new trial.
BOOTH, JOANOS and BARFIELD, JJ., concur.