588 So.2d 314 (1991)
Rolando GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2224.
District Court of Appeal of Florida, Third District.
November 5, 1991.
*315 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg and Patricia Ash, Asst. Attys. Gen., for appellee.
Before HUBBART, FERGUSON and GERSTEN, JJ.
PER CURIAM.
The defendant Rolando Gonzalez appeals a final judgment of conviction and sentence of life imprisonment for sexual battery on a child twelve years of age or under. § 794.011(2), Fla. Stat. (1989). We reverse and remand for a new trial.
We conclude that the prosecuting attorney committed fundamental error (1) by (a) adducing highly inflammatory and irrelevant evidence on cross examination of the defendant that the defendant, a 38-year-old man, desired to marry the complainant's sixteen-year-old sister, and thus was a sexual pervert, and (b) strongly inferring therefrom that the defendant visited his brother's house on the day in question because he wanted to see this sixteen-year-old girl;[1] and (2) by impermissibly attacking the defendant's character in final argument to the jury as both a convicted felon and a sexual pervert who (a) desired to marry a sixteen-year-old girl, and (b) belonged to a family of pervasive sex abusers of young children[2]  although in each instance there was either no evidence to support such inflammatory comments or the evidence in support thereof was impermissibly adduced by the prosecuting attorney.
In view of the scant and largely uncorroborated, although technically sufficient, evidence of guilt adduced at this extremely *316 abbreviated trial [the entire trial, from jury voir dire to jury verdict, lasted only four hours], the defendant's testimony denying any involvement in the offense charged, and the highly inflammatory nature of the prosecutorial misconduct in this case, we think the complained-of conduct went to the foundations of the case and the merits of the cause of action by rendering this otherwise highly condensed trial and dubiously defended case fundamentally unfair. In the interests of justice, we think a new trial is absolutely required. See Jenkins v. State, 563 So.2d 791 (Fla. 1st DCA 1990); Jones v. State, 449 So.2d 313 (Fla. 5th DCA), rev. denied, 456 So.2d 1182 (Fla. 1984); Vela v. State, 396 So.2d 267 (Fla. 3d DCA 1981); Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980).
Reversed and remanded.
NOTES
[1] The prosecuting attorney's entire cross examination of the defendant was as follows:

"MS. PARR: [prosecutor] Q. Mr. Gonzalez, the real reason you went over to your brother's house was to see a sixteen year old girl, isn't it?
A. No.
Q. You never asked or said to anyone that you wanted to marry Carmen?
A. Yes, but that was in Miami. It did not happen at that house. She lives in Miami.
Q. How old are you?
A. Thirty-eight.
Q. And you know, of course, that a sixteen year old girl is not old enough to be married?
A. I know that, but if she is in agreement and I am in agreement.
Q. As it turns out she was not in agreement, is that correct?
A. She never told me anything.
Q. She did not marry you, did she?
A. No.
MS. PARR: Nothing further."
T. 57.
[2] The complained-of portions of the prosecuting attorney's closing argument to the jury were as follows:

"Let's be realistic about it. Mother was not married to the defendant; mother was married to Miguel, the [defendant's] brother. If there is some sort of a spite thing and if she wanted to get back at Miguel, Miguel would be the one accused in this. Counsel told you he was surprised and I was surprised when she said that.[*] In fact, I was not at all surprised. Child sexual abusers appear multiple times in families and were abused themselves sexually as children.
If a parent is going to sexually abuse one child, it is not unheard of that they would abuse other children in the same family and the same family would produce several children that grew up to be sexual abusers. It did not surprise me at all."
T.68-69.
"Who is the defendant? Who is the man sitting over there?
Well, we know he is a convicted felon.[**] We know he was a man trying to get a sixteen year old girl, Julia's older sister Carmen, to marry him. The mother didn't like him because he was trying to get her sixteen year old daughter to marry him. And then as defense counsel told you, another reason she did not like him was because he had done it to Julia. I think those are good reasons for not liking someone."
T.70-71.
[*] Referring to the child/complainant's accusations of sexual abuse against the defendant and his brother Miguel.
[**] There is no evidence to support this comment. The defendant admitted at trial to a "trip of marijuana" in 1988 without further explanation. There was no evidence adduced that this was a felony conviction. (T.56-57).