613 So.2d 508 (1993)
Carl Michael EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2553.
District Court of Appeal of Florida, Fifth District.
January 15, 1993.
Rehearing Denied February 18, 1993.
Richard L. Rosenbaum, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan and Rebecca Roark Wall, Asst. Attys. Gen., Daytona Beach, for appellee.
PER CURIAM.
Carl Michael Edwards' conviction under count one for violation of section 794.011(4)(e), Florida Statutes, sexual battery upon a mentally defective person, a first-degree felony is affirmed. However, we vacate the conviction for count two which alleged a violation of section 800.04(2), Florida Statutes, sexual battery upon a child under sixteen years of age, a second-degree felony erroneously shown on the judgment as a first-degree felony. The supreme court has held that the crimes of lewd assault and sexual battery are mutually exclusive when they involve a single incident. State v. Hightower, 509 So.2d 1078, 1079 (Fla. 1987). The facts of this case indicate the occurrence of a single incident involving a sexual battery. Therefore, conviction of the offense charged under section 800.04(2) was improper.
Accordingly, we vacate the conviction for count two. Because count two is vacated *509 and because the original sentence does not indicate whether the life sentence imposed was under count one or count two, or both, remand is necessary for the purpose of allowing the trial court to consider whether it wishes to confirm that the sentence originally imposed is appropriate for the remaining single count.
AFFIRMED in part; VACATED in part; REMANDED.
W. SHARP, PETERSON and GRIFFIN, JJ., concur.