622 So.2d 165 (1993)
Michael H. CHAPLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01289.
District Court of Appeal of Florida, Second District.
August 11, 1993.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna Provonsha-Lentz, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Michael H. Chaplin challenges his convictions for capital sexual battery and two counts of lewd and lascivious act. We affirm in part and reverse in part.
We affirm his conviction for capital sexual battery without discussion.
We reverse his conviction for lewd and lascivious act as charged in count two of the information because the conduct alleged in that count formed the basis for the sexual battery conviction. One cannot be convicted for a lewd act under section 800.04, Florida Statutes (1991), concerning conduct that is also a sexual battery. See § 800.04, Fla. Stat. (1991); State v. Hightower, 509 So.2d 1078, 1079 n. 4 (Fla. 1987).
We affirm his conviction for lewd and lascivious act charged in count three of the information, which alleged that in November 1990, Mr. Chaplin
knowingly did commit a lewd and lascivious act in the presence of ... a child under the age of sixteen years, by willfully and knowingly exposing [his penis] to the view of [the child], and by soliciting and procuring [the child] to touch, feel or hold [his exposed penis], which act as stated was lewd and lascivious in the presence of said child... .
The state presented sufficient evidence from which a jury could conclude that Mr. Chaplin knowingly exposed his penis to the child in a lewd and lascivious manner, but it produced no evidence that Mr. Chaplin solicited her to touch his penis. Mr. Chaplin contends that the trial court committed prejudicial error when it effectively amended the information, over defense objection, by deleting from the jury instructions the language that Mr. Chaplin had solicited the child to touch his exposed penis. See Johnson *166 v. State, 190 So.2d 811 (Fla. 4th DCA 1966), cert. denied, 196 So.2d 925 (Fla. 1967).
In Telfare v. State, 529 So.2d 1278, 1280 (Fla.2d 1988), we held that "[w]here a statute provides a penalty for acts in the disjunctive and the indictment alleged the acts in the conjunctive, proof of one act will suffice," citing Booker v. State, 93 (Fla. 211, 111 So. 476 (1927). Section 800.04(3) and (4) allege, in the disjunctive, the acts charged in count three in the conjunctive. Although the state failed to present any evidence that Mr. Chaplin solicited the child to touch his exposed penis, it did present sufficient evidence that he knowingly exposed his penis to her in a lewd manner. As such, we conclude that Mr. Chaplin was not prejudiced in his defense of the charge.
Accordingly, we affirm Mr. Chaplin's convictions for capital sexual battery charged in count one of the information and lewd and lascivious act charged in count three. We reverse his conviction and sentence for lewd and lascivious act charged in count two of the information. We remand for resentencing on count three after preparation of a new sentencing scoresheet.
Affirmed in part, reversed in part, and remanded with directions.
RYDER, A.C.J., and HALL, J., concur.