SCHWARTZ, Chief Judge.
Walker was charged with the crimes of sexual battery by digital penetration of a two-year old child and lewd and lascivious assault upon that child. The alleged offenses arose from a single act which occurred on August 6, 1991. He was convicted of attempted sexual battery, as a lesser included offense, and lewd and lascivious *631 assault as charged, sentenced to concurrent terms of twenty and fifteen years respectively, and now appeals.
First, we find that, although disputed, the evidence — primarily that of the then-eight-year-old brother of the victim who said he saw the defendant sitting beside the child with his finger in her “privates” — was more than sufficient to support the jury findings of guilt. See Wilson v. State, 622 So.2d 31 (Fla. 1st DCA 1993); Stone v. State, 547 So.2d 657 (Fla. 2d DCA 1989). We also reject Walker’s claim to a new trial because of a number of asserted errors in the admission of evidence and in the prosecutor’s final argument. In almost every such instance, however, the defendant did not object or otherwise preserve the pertinent issue for consideration either by the trial court or on appeal. Tillman v. State, 471 So.2d 32 (Fla.1985); Castor v. State, 365 So.2d 701 (Fla.1978). We conclude that the incidents, treated either individually or collectively, did not involve a violation of the defendant’s right to a fundamentally fair trial so as to require a reversal even in the absence of appropriate objection below. Compare Gonzalez v. State, 588 So.2d 314, 316 (Fla. 3d DCA 1991) (involving “highly inflammatory” prosecutorial misconduct).
The judgment and sentence for lewd and lascivious assault, however, are vacated on the ground that, as held in State v. Hightower, 509 So.2d 1078 (Fla.1987), followed by State v. Colbert, 522 So.2d 436 (Fla. 2d DCA 1988), approved, 569 So.2d 433 (Fla.1990), “a sexual battery charge and a lewd assault charge involving the same incident and acts with a child under sixteen are mutually exclusive.” Colbert, 522 So.2d at 437.
Affirmed in part, vacated in part.