662 So.2d 384 (1995)
D.D.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-156.
District Court of Appeal of Florida, Fifth District.
November 3, 1995.
*385 James B. Gibson, Public Defender, and Erin J. O'Leary, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
D.D.M. was charged with five counts of sexual battery[1] and one count of a lewd act upon a child.[2] Following an adjudicatory hearing he was found to have committed one sexual battery (count I), one attempted sexual battery,[3] a lesser-included offense (count II), and one lewd act upon a child (count IV). The trial court disposed of remaining counts by entering an "order granting the motion to dismiss in the nature of judgment of acquittal." D.D.M. appeals, arguing that the trial court erred in three respects: (1) by denying his motion for judgment of acquittal as to the charge of lewd act upon a child; (2) by failing to give written reasons for adjudication and disposition; and (3) by using a single disposition form for all offenses. The state properly concedes error as to all three points. Accordingly, we reverse.
The state presented evidence sustaining the adjudication of delinquency as to the sexual battery charge, but there was no evidence of additional acts necessary to sustain the adjudication of delinquency as to the lewd act upon a child charge. In this regard, the adjudication of lewd act upon a child could not be sustained on the same evidence used to establish that D.D.M. committed the sexual battery because the adjudications of sexual battery and lewd act upon a child, when based upon the same conduct, are mutually exclusive. See State v. Hightower, 509 So.2d 1078, 1079 n. 4 (Fla. 1987); Chaplin v. State, 622 So.2d 165 (Fla. 2d DCA 1993). Accord Fjord v. State, 634 So.2d 714 (Fla. 4th DCA 1994); Walker v. State, 622 So.2d 630 (Fla. 3d DCA 1993); Edwards v. State, 613 So.2d 508 (Fla. 5th DCA 1993). Likewise, the crime of attempted sexual battery would be mutually exclusive of lewd act upon a child unless established by additional evidence. Thus, the adjudication and commitment for the charge of lewd act upon a child must be reversed.
*386 Next, although D.D.M. was committed, the trial court did not provide a statement of specific reasons for adjudication and commitment on the record or in writing. Section 39.052(3)(e), Florida Statutes (1993), provides:
If the court determines that the child should be adjudicated as having committed a delinquent act and that he should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding of the reasons for the decision to adjudicate and to commit the child to the department.
This statute has been construed as requiring the trial court to provide a statement of specific reasons for adjudication of delinquency and commitment. The failure to do so is reversible error because the language of the statute is mandatory. M.S.M. v. State, 639 So.2d 189 (Fla. 2d DCA 1994).
Finally, D.D.M. argues that the trial court erred in using a single disposition form in committing him for all three offenses. We agree. A single order of disposition may not be used where multiple convictions constitute the basis for an adjudication of delinquency. T.A.R. v. State, 640 So.2d 222 (Fla. 5th DCA 1994).
In summary, the adjudication and commitment on count IV are vacated. The commitments on counts I and II are vacated, and this matter is remanded with direction to the trial court to comply with section 39.052, Florida Statutes (1993), and to execute a separate disposition form with regard to counts I and II.
VACATED and REMANDED with directions.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] § 794.011(2), Fla. Stat. (1993).
[2] § 800.04(1), Fla. Stat. (1993).
[3] § 777.04, 794.011(2), Fla. Stat. (1993).