COBB, Judge.
The state appeals from a final order granting the defendant’s motion to strike score-sheet and vacating two of the defendant’s convictions for lewd and lascivious assault upon a child. The defendant cross-appeals a sentencing issue.
By second amended information, the defendant was charged with two counts of capital sexual battery, section 794.011(2), Florida Statutes, and two counts of lewd and lascivious assault upon a child, section 800.04(1), Florida Statutes. There were two victims, S.W. and H.M., and each pair of sexual battery/lewd and lascivious charges concerned one of the victims. Each offense was alleged to have been committed between July, 1993 and August, 1993. Following the trial, the jury found the defendant guilty of two counts of the lesser included offense of attempted sexual battery and guilty as charged on the two lewd and lascivious charges.
At sentencing the defendant filed a motion to strike the scoresheet alleging several grounds including: (1) that the attempted sexual battery convictions must be scored as third degree felonies; and (2) that the lewd and lascivious convictions must be vacated because the attempted sexual battery convictions are the same incidents punished by the lewd and lascivious convictions. The trial court granted the motion as to ground 2 and the state appeals. The defendant has filed a cross-appeal concerning the denial of ground 1 of the motion.
The state argues that it was error for the trial court to vacate the lewd and lascivious assault convictions because the evidence showed that the attempted sexual battery convictions and lewd and lascivious assault charges arose out of separate acts. The state asserts that evidence was presented of numerous sexual assaults against the two victims.
The crimes of sexual battery and lewd and lascivious assault are mutually exclusive and a defendant cannot be convicted of both crimes if the charges arise out of the same act. State v. Hightower, 509 So.2d 1078 (Fla.1987); Roe v. State, 654 So.2d 1287 (Fla. 1st DCA 1995); Fjord v. State, 634 So.2d 714 (Fla. 4th DCA 1994); Edwards v. State, 613 So.2d 508 (Fla. 5th DCA 1993). It is the state’s position, however, that the evidence supports numerous incidents of sexual abuse.
The information here alleges that each crime occurred between July and August, 1993. The state points out that the time allegations of a charging document are not ordinarily a substantive part of the document and there may be a variance between the dates proved at trial and those alleged so long as the crime was committed within the applicable statute of limitations and the defendant was neither surprised nor hampered in preparing his defense. See Tingley v. State, 549 So.2d 649 (Fla.1989). No objection to any time variance was raised below.
While the testimony of the child victims was at times conflicting and vague, H.M. testified that the defendant, her “Uncle Jimmy,” touched her private part with his finger and that he did so more than one time. He touched the inside of her private part and it hurt according to H.M. No one else was present when this occurred. Medical testimony confirmed that H.M. suffered blunt trauma to the vaginal area consistent with digital or penile penetration. This evidence was sufficient to establish the defendant’s guilt for sexual battery let alone attempted sexual battery. See generally Walker v. State, 622 So.2d 630 (Fla. 3d DCA 1993).
H.M. further testified that the defendant made her touch his front private part and did so on more than one occasion. H.M. also testified that the defendant touched her private part with his tongue. Either act, which is separate and distinct from the finger penetration, would support the additional conviction for lewd and lascivious assault.
*984 S.W. testified that “Uncle Jimmy” would watch the children when “Aunt Wanda” went out. S.W. testified that the defendant and children played spin the bottle and that the defendant decided what would happen when the bottle stopped on a particular player. When it landed on S.W., the defendant instructed her to show off her private parts. He likewise showed off his private part and made S.W. touch it with her hand. These acts would establish lewd and lascivious assault. See Chaplin v. State, 622 So.2d 165 (Fla. 2d DCA 1993).
S.W. additionally testified that the defendant touched her private part with his finger and in fact touched her on the inside of her private part. He did this more than once and on different days. Again, medical testimony corroborated digital or penile penetration. This evidence of a separate and distinct act of sexual abuse was more than sufficient to establish attempted sexual battery. Walker v. State,
In sum, the evidence presented amply supports convictions for both attempted sexual battery and lewd and lascivious assault as to each child victim.
The defendant argues on cross-appeal that his convictions for two counts of attempted sexual battery should have only been scored as third degree and not first degree felonies. The jury returned a verdict finding the defendant guilty of the lesser included offense of attempted sexual battery. The defendant argues that because the instructions and verdict form do not expressly reference attempted capital sexual battery, he was convicted of attempted simple sexual battery, section 794.011(5), Florida Statutes, a third degree felony.
Sexual battery, section 794.011(5), is not a lesser included offense of capital sexual battery, section 794.011(2), because capital sexual battery requires proof that the victim was 12 years of age or younger while sexual battery contains the element of lack of the victim’s consent. See Velazquez v. State, 648 So.2d 302 (Fla. 5th DCA 1995).
The jury was never instructed here on the issue of consent and could not have convicted the defendant under section 794.011(5). Because the victims here were under 12 years of age, the defendant was charged with capital sexual battery. The trial court instructed the jury on attempt. See Fla. Rule Crim. P. 3.510. The evidence amply supports the convictions for attempted capital sexual battery and thus, the trial court did not err in scoring the offenses as first degree felonies.
We therefore reverse the order vacating the convictions for lewd and lascivious assault and order the convictions reinstated. We affirm the trial court’s ruling scoring the attempted sexual battery convictions as first degree felonies. We remand for resentenc-ing using a corrected scoresheet.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
DAUKSCH and ANTOON, JJ., concur.