[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13246

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2006
THOMAS K. KAHN
CLERK

BIA No. A71-535-112

DUSKO VUKSANOVIC,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(February 17, 2006)**

Before BLACK, HULL and FARRIS[*], Circuit Judges.

PER CURIAM:

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Dusko Vuksanovic petitions this Court for review of the Board of Immigration Appeals' (BIA's) order affirming without opinion the Immigration Judge's (IJ's) decision that he was not entitled to relief from removal under the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub. L. No. 105-100, 111 Stat. 2160, 2193, § 203(a)(1) (1997) because his conviction for second-degree arson was a crime involving moral turpitude rendering him inadmissible under 8 U.S.C. § 1182(a)(2)(A), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996) (amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302, 310, § 106(a) (2005)).[1] Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review a final order of removal against an alien removable by reason of having committed a crime involving moral turpitude. After review, we conclude Vuksanovic's second-degree arson conviction in violation of § 806.01(2), Florida Statutes is a crime involving moral turpitude and thus dismiss his petition for review for lack of jurisdiction.

## I.

Vuksanovic, a native and citizen of the former Yugoslavia, was admitted into the United States on or about March 25, 1989, as a non-immigrant visitor for

---

[1] Because Vuksanovic's removal proceedings began after April 1, 1997, the permanent provisions of IIRIRA govern his petition for review.

pleasure with authorization to remain in the United States no later than September 24, 1989. He tendered an application for asylum on July 16, 1991, which was subsequently denied. On February 22, 2002, the Immigration and Naturalization Service (INS, now the Department of Homeland Security) issued him a Notice to Appear, charging Vuksanovic was removable pursuant to 8 U.S.C. § 1227(a)(1)(B) for remaining in the United States for a period longer than permitted.

Conceding the grounds for removability asserted by the INS, Vuksanovic applied for a special-rule cancellation of removal under § 203(b) of the NACARA.[2] In support of his application, Vuksanovic attached several documents, including a printout of his criminal record which reflected two Florida convictions for driving under the influence of alcohol and a second-degree arson conviction in 1993. The IJ denied Vuksanovic's request for relief and ordered him removed, concluding he (1) failed to show he was not inadmissible or deportable given his conviction for a crime involving moral turpitude–second-degree arson–within five years of entering the United States, *see* 8 U.S.C. §§ 1182(a)(2)(A), 1227(a)(2)(A)(i); (2) failed to

---

[2] Section 203 of the NACARA affords the Attorney General discretion to cancel the removal of an alien who (1) is not inadmissible by reason, *inter alia*, of having committed a crime of moral turpitude; (2) has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of his application for special-rule cancellation; (3) has been a person of good moral character during such period; and (4) establishes removal would result in extreme hardship to the alien or to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. NACARA, Pub. L. No. 105-100, 111 Stat. 2160, 2198, § 203(b) (1997).

show he was of good moral character during the relevant time period; and (3) failed to establish the requisite extreme hardship.

Vuksanovic appealed the IJ's decision to the BIA, arguing, in part, the IJ erred in concluding his 1993 second-degree arson conviction was a crime involving moral turpitude rendering him inadmissible under 8 U.S.C. §§ 1182(a)(2)(A) and 1227(a)(2)(A)(i). The BIA affirmed without opinion. Vuksanovic then petitioned this Court for review of the BIA's decision.

## II.

We must, at the threshold, determine whether we have jurisdiction to entertain Vuksanovic's petition for review. *Bahar v. Ashcroft*, 264 F.3d 1309, 1311 (11th Cir. 2001). This Court has no jurisdiction to review a final order of removal if the alien is inadmissible or removable by reason of having committed a crime involving moral turpitude for which a sentence of one year or longer may be imposed. *See* 8 U.S.C. §§ 1252(a)(2)(C), 1182(a)(2)(A), 1227(a)(2)(A)(i). It is axiomatic, however, that we retain jurisdiction to determine whether the statutory conditions for limiting judicial review exist. *Farquharson v. Att'y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001). Thus, we must determine if Vuksanovic is "(1) an alien; (2) who is removable; (3) based on having committed a disqualifying offense." *Moore v. Ashcroft*, 251 F.3d 919, 923 (11th Cir. 2001). Because Vuksanovic does not contest the fact that he is an alien, our review is limited to

4

determining whether his second-degree arson conviction is a conviction for a crime involving moral turpitude. If we conclude second-degree arson is a crime involving moral turpitude, 8 U.S.C. § 1252(a)(2)(C) deprives us of jurisdiction to review the final order of removal.[3]

## III.

While "moral turpitude" is not defined by statute, we have recognized it involves "[a]n act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." *Itani v. Ashcroft*, 298 F.3d 1213, 1215 (11th Cir. 2002) (citations omitted). "Whether a crime involves the depravity or fraud necessary to be one of moral turpitude depends upon the inherent nature of the offense, as defined in the relevant statute, rather than the circumstances surrounding a defendant's particular conduct." *Id.* at 1215-16. That is, the determination that a crime involves moral turpitude is made categorically based on the statutory definition or nature of the crime, not the specific conduct predicating a particular conviction.

---

[3] We review questions of statutory interpretation de novo, but defer to the BIA's interpretation if it is reasonable. *Bahar*, 264 F.3d at 1311. Where the BIA summarily affirms the IJ's decision, we review the IJ's decision as if it were the Board's. *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

Whether second-degree arson involves moral turpitude is an issue of first impression in this Circuit. As to the statutory definition, the Florida arson statute provides, in relevant part:

> Any person who willfully and unlawfully, or while in the commission of any felony, by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or herself or another, under any circumstances [not falling under the crime of first-degree arson], is guilty of arson in the second degree, which constitutes a felony of the second degree . . . .

§ 806.01(2), Fla. Stat. (2005). The statutory definition of "structure" includes vehicles. *See id.* § 806.01(3).

To support his argument, Vuksanovic discusses the circumstances surrounding his conviction. We must, however, eschew the factual predicate of Vuksanovic's conviction for the statutory definition of the offense. *See Itani*, 298 F.3d at 1215-16. The conduct prohibited by the statute–the willful destruction of a structure by fire or explosion without a lawful, legitimate purpose–evinces a certain baseness in the private and social duties a man owes to society and is "contrary to the accepted and customary rule of right and duty between man and man." *Id.* at 1215; *see also Lofton v. State*, 416 So. 2d 522, 523 (Fla. 4th DCA 1982) (stating an essential element of second-degree arson is the State's showing "the willful act was done without a legitimate, lawful purpose"). Based on this categorical approach, we hold second-degree arson constitutes a crime involving

6

moral turpitude. *See also Rodriguez-Herrera v. INS*, 52 F.3d 238, 239 n.2 (9th Cir. 1995) (noting "[t]hat arson necessarily involves moral turpitude is undisputed"); *In re S—*, 3 I. & N. Dec. 617-18 (BIA 1949) (holding arson is a crime involving moral turpitude).

## IV.

Because we hold second-degree arson under Florida law is a crime involving moral turpitude and Vuksanovic raises no substantial constitutional challenges to the order of removal, 8 U.S.C. § 1252(a)(2)(C) deprives us of jurisdiction to review his petition.[4]

**PETITION DISMISSED.**

---

[4] Accordingly, we lack jurisdiction to review the IJ's findings that Vuksanovic failed to establish the good moral character and extreme hardship necessary to qualify for a special-rule cancellation of removal under the NACARA.