[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-11664
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2006
THOMAS K. KAHN
CLERK

BIA No. A79-508-876

STUART CREGGY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

----------------------------------------------------------------

**(November 22, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Stuart Creggy ("Creggy") petitions for review of an order entered by the

Department of Homeland Security ("DHS") requiring his removal from the United

States for overstaying the time permitted by the Visa Waiver Program ("VWP"),

section 217 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1187, 1227.[1]  No reversible error has been shown; we deny the petition.

Creggy, a native and citizen of the United Kingdom, entered the United States under the VWP on 10 March 2001, signed a Form I-94 waiver as required by the program, and was authorized to remain until 9 June 2001.  Creggy failed to depart the U.S. by that date.  On 28 June 2001, Creggy's employer filed a Form I-129 (the "Initial Petition") on Creggy's behalf, requesting "L-1A" classification for Creggy.[2]  The Initial Petition, signed by Creggy and dated December 2000, did not indicate Creggy was currently in the U.S.; in fact, it suggested just the opposite, stating that Creggy's date of arrival, I-94 number, and current nonimmigrant status were "N/A."  Notably, the Initial Petition did not request a change in Creggy's nonimmigrant status or classification.

DHS approved the Initial Petition, which was valid until 25 July 2002.  The Notice of Action ("Notice") indicated that Creggy should "contact the consulate

---

[1]The order is styled an "Order of Deportation," but deportation is now referred to as "removal." See INA § 240, 8 U.S.C. § 1229(a).

[2]The following individuals are eligible for such classification under under INA § 101(a)(15)(L):
[A]n alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge. . . .

2

with any questions about visa issuance" and stated, "THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA." The Notice further provided that if Creggy was "already in the U.S., the petitioner can file a new Form I-129 to seek to change or extend [his] status based on this petition." That Creggy never obtained a visa from the U.S. Consulate in London and never filed a new I-129 seeking a change of status based on his presence in the United States is undisputed.

On 21 February 2006, DHS ordered Creggy removed for failing to comply with the conditions of his VWP admission by remaining longer than the time permitted.[3] Creggy now petitions this Court for review of that order, raising two arguments. First, Creggy contends that the removal order was improper because he was not subject to the VWP once DHS approved the Initial Petition, which legally changed his status to L-1A. Second, Creggy argues that DHS's failure to provide him with a hearing before an Immigration Judge violated his statutory and

---

[3]The removal order was prompted by DHS's denial on 17 February 2006 of Creggy's application to extend his L-1A status ("Second Petition"), filed in July 2002. In the Second Petition, Creggy's status was listed as L-1A, but his date of arrival and I-94 numbers were again omitted. On the same date, DHS also denied the "Application to Register Permanent Residence or Adjust Status" ("Adjustment Application") filed by Creggy in April 2005. DHS found that subsections (2), (4) and (8) of INA § 245(c) barred Creggy's adjustment of status because he entered the U.S. under the VWP and failed to maintain a continuously lawful status by overstaying the time permitted by the VWP. Creggy does not challenge DHS's denial of his Adjustment Application in this appeal. In denying Creggy's Adjustment Application, DHS noted that the Initial Petition was "erroneously approved" because his VWP status "was concealed."

3

constitutional rights. In response, the government moved to dismiss Creggy's petition, arguing that we lack jurisdiction to consider the petition.

We review our subject-matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). In general, our authority to review a final order of removal[4] is derived from INA § 242, 8 U.S.C. §1252. The government contends that our review is limited by INA § 217(b)(2), 8 U.S.C. § 1187(b)(2), which provides that an alien admitted under the VWP has waived the right "to contest, other than on the basis of an application for asylum, any action for removal of the alien." The government argues that this language precludes a court from hearing any challenge to removal pursuant to the VWP other than one based on an asylum claim, citing decisions from several of our sister circuits. Wigglesworth v. INS, 319 F.3d 951, 956 n.4 (7th Cir. 2003); Nose v. Att'y Gen., 993 F.2d 75, 80 (5th Cir. 1993). We need not decide this issue here, because we have jurisdiction to decide the issues presented.[5]

---

[4]The government argues that we lack jurisdiction to review DHS's denial of the Second Petition and Adjustment Application, as they are not "final orders of removal." This question is not before the Court, as Creggy has not raised any arguments regarding those DHS actions on appeal. The government does not argue that the removal order was not a "final order" under the statute. See INA § 240, 8 U.S.C. § 1229a; 8 C.F.R. § 217(b).

[5]For the reasons set forth herein, we therefore DENY the government's motion to dismiss the petition for review for lack of jurisdiction.

Even where the INA precludes judicial review of the merits of an alien's claim for relief from removal, we retain jurisdiction to determine whether the statutory conditions for limiting judicial review exists. Vuksanovic v. U.S. Att'y Gen., 439 F.3d 1308, 1310 (11th Cir. 2006). Thus, because we must first determine whether Creggy was subject to the provisions of the VWP at the time of his removal, we must necessarily decide whether approval of the Initial Petition removed him from the program. See Handa v. Clark, 401 F.3d 1129, 1133 (9th Cir. 2005). In so doing, we defer to DHS's interpretation of the INA if it is reasonable. See Brooks, 283 F.3d at 1272. We also retain jurisdiction to hear Creggy's constitutional challenge to the statute itself. See Richardson v. Reno, 180 F.3d 1311, 1316 n.5 (11th Cir. 1999), overruled on other grounds by INS v. St. Cyr, 533 U.S. 289, 312-13, 121 S.Ct. 2271, 2286, 150 L.Ed.2d 347 (2001)(constitutional challenge to INA § 242(a)(2)(C)); Wigglesworth, 319 F.3d at 957 (due process challenge to VWP provision).

Under the VWP, aliens from certain countries may enter the U.S. for business or pleasure without visas as nonimmigrant visitors for a period not to exceed 90 days, as long as they waive their right to contest removal other than on asylum grounds. INA § 217(a), 8 U.S.C. § 1187(a). That Creggy entered the U.S. in March 2001 under the VWP, signed such a waiver, and overstayed the 90-day

5

period is undisputed. He contends, however, that the approval of the Initial Petition adjusted his status to an L-1A classification in July 2001 and that he was then in the country legally. We disagree.

DHS's approval of the Initial Petition merely authorized Creggy to apply to the U.S. Consulate in London for a visa; it was not a visa itself, and could not be used by Creggy to gain entry to the U.S.. See 8 C.F.R. § 214.2(l)(13)(i); 8 C.F.R. § 212.1. The Notice unequivocally indicated as much. To receive a visa, which would then authorize Creggy to enter the U.S., he was required to depart the U.S., to return to London, and to undergo an interview with American officials in London. See 8 U.S.C. § 1202(h)(1). Had Creggy done so, it is highly likely that consulate officials would have denied him a visa upon learning that the Initial Petition had been approved while he was in the U.S. pursuant to the VWP. See INA § 248(a)(4), 8 U.S.C. § 1258(a)(4) (precluding a change in nonimmigrant classification for aliens admitted under the VWP). Regardless, Creggy failed to enter the U.S. under a visa issued pursuant to the I-129 authorization, and his presence in the country was thus illegal once the 90-day VWP period expired.[6]

---

[6] The Notice specifically indicated that if Creggy was in the country at the time of the approval, he was required to file a new I-129 in order to adjust his status. It is uncontroverted that had DHS been aware that Creggy had been admitted to the U.S. under the VWP, any petition to change his status would have been denied. Creggy contends that he should not be prejudiced by DHS's erroneous approval and failure to investigate the facts fully underlying his petition. His argument ignores the fact that he had a responsibility to provide full and truthful disclosure to DHS regarding

Because the approval of the Initial Petition failed to change his status, Creggy remained subject to the provisions of the VWP. If an alien admitted under the VWP violates his status and does not apply for asylum, the removal will be "effected without referral of the alien to an immigration judge for further inquiry." 8 C.F.R. § 217.4(b)(1) (elaborating on INA § 217(b), 8 U.S.C. §1187(b)). Thus, Creggy had no statutory right to a hearing. See Handa v. Clark, 401 F.3d 1129, 1133-35 (9th Cir. 2005). He also waived any due process right to a hearing by signing the Form I-94 upon his entry into the U.S. See Boddie v. Connecticut, 401 U.S. 371, 378-79, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971) (due process right to hearing may be waived). Creggy does not contend that the waiver was unknowing or involuntary, nor does the record suggest such a conclusion, given Creggy's level of education and sophistication as an executive for a multinational company. See Wigglesworth v. INS, 319 F.3d 951, 959 (7th Cir. 2003); Nose v. Att'y Gen., 993 F.3d 75, 78-80 (5th Cir. 1993). Thus, the order requiring removal without a hearing was proper because Creggy waived his right to a hearing upon his entry to the U.S. pursuant to the VWP.

---

his application for nonimmigrant status. Cf. 8 C.F.R. § 214.1(f) (willful failure to provide truthful information, whether or not material, results in loss of nonimmigrant status and deportability).

We conclude that the BIA properly ordered removal of Creggy without a hearing because DHS's approval of the Initial Petition failed to remove him from the VWP, under which Creggy waived any statutory or constitutional right to a hearing before an immigration judge. Creggy's petition for relief is therefore

**DENIED.**