[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14860
Non-Argument Calendar
_____

Agency No. A075-679-139

HYUN CHO,

                                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 7, 2015)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Hyun Cho is a native and citizen of the Republic of South Korea.  On August 24, 2012, she was admitted to the United States under the Visa Waiver Program.  *See* Immigration and Nationality Act ("INA") § 217(a), 8 U.S.C. § 1187(a).  The Visa Waiver Program ("VWP") allows nationals of certain countries to travel to the United States for a period of up to 90 days.  A condition of admission under the VWP is that the alien "waive[s] any right . . . to contest, other than on the basis of an application for asylum, any action for removal of the alien." *Id.* § 217(b)(2), 8 U.S.C. § 1187(b)(2).

On October 14, 2014, after the United States Citizenship and Immigration Service of the Department of Homeland Security ("DHS") denied Cho's application for adjustment of status, DHS issued a removal order informing Cho that she was being removed for having stayed in the United States for longer than the 90 days authorized under the VWP.

Cho now petitions this court to review the order.  She argues that she did not waive her rights to contest her removal, and that if she did, she did not waive them knowingly or voluntarily and thus was denied the due process of law guaranteed by the Fifth Amendment.  She asserts that she has been prejudiced by this denial of due process by being precluded from pursuing her application for adjustment of status.

2

We review constitutional challenges *de novo*. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003) (per curiam). Even though the INA may bar judicial review, we retain jurisdiction to determine whether the INA's conditions limiting judicial review exist. *Vuksanovic v. U.S. Att'y Gen.*, 439 F.3d 1308, 1310 (11th Cir. 2006) (per curiam).

Under the VWP, an alien from certain countries may enter the United States without a visa as a nonimmigrant visitor for a period not to exceed 90 days. *See* INA § 217(a), 8 U.S.C. § 1187(a). The alien may not be provided a waiver of visa unless she waives any right to appeal DHS's determination as to her admissibility at the port of entry, or to contest, other than on the basis of an application for asylum, any action for her removal. *Id.* § 217(b), 8 § 1187(b).[1]

We have jurisdiction to review the validity of Cho's waiver of her rights, because we have jurisdiction to determine whether the statutory conditions limiting judicial review exist. *See Vuksanovic*, 439 F.3d at 1310. The record of the form Cho electronically completed to participate in the VWP indicated that she waived her rights; furthermore, she would not have been approved to enter the United States unless she signed the waiver. Cho stated in her subsequent application for

---

[1] The due process right to a hearing may be waived. *Boddie v. Connecticut*, 401 U.S. 371, 378–79, 91 S. Ct. 780, 786, 28 L. Ed. 2d 113 (1971).

3

adjustment of status that she could read and understand English.  The VWP forms were available in her native tongue; she chose to complete them in English.

Because Cho's waiver is effective, she was not entitled to removal proceedings or any further proceedings on her application to adjust her status.  INA § 217(b), 8 U.S.C. § 1187(b).  She was provided the opportunity to pursue that application, and it was denied for reasons unrelated to her VWP entrant status.  In sum, Cho has not been denied due process of law.  The removal order therefore stands.

PETITION DENIED.