[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16775
Non-Argument Calendar
_____

Agency No. A097-985-358

MERCURIUS JALLIM,
a.k.a. Mercurius Messala Mauril Jallim,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 17, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Mercurius Jallim, a native and citizen of St. Lucia, petitions for review from the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") order of removal finding Petitioner inadmissible as an arriving alien convicted of a crime involving moral turpitude.  On appeal, Petitioner argues that the BIA and IJ violated his due process rights by determining that he was properly classified as an arriving alien.  He also argues that the BIA's conclusion that he fell within one of the exceptions authorizing the Department of Homeland Security ("DHS") to charge him with inadmissibility was incorrect legally and lacked reasoned consideration.  After careful review, we deny the petition for review in part and dismiss in part.

## I.      BACKGROUND

In 2006, Petitioner adjusted his status to that of a lawful permanent resident. One year later, in 2007, he was convicted of financial identity fraud, in violation of O.C.G.A. § 16-9-121.  In 2015, Petitioner arrived at the airport in Atlanta and applied for admission to the United States as a lawful permanent resident.  The DHS subsequently issued Petitioner a notice to appear ("NTA") in October 2015, charging him with inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime involving moral turpitude.

At a hearing before the IJ, Petitioner, through counsel, admitted the allegations in the NTA and conceded removability.  He indicated that he would

seek relief in the form of cancellation of removal.  The DHS later filed an additional charge of inadmissibility:  that Petitioner was inadmissible as an alien who procured "admission into the United States or other benefit provided under" the Immigration and Nationality Act by fraud or willful misrepresentation of a material fact, in violation of 8 U.S.C. § 1182(a)(6)(C)(i).  Specifically, the DHS alleged that although Petitioner began committing financial identity fraud in August 2000, on his subsequent adjustment-of-status application and in his interview, he had answered "no" to a question that asked whether he had ever knowingly committed a crime involving moral turpitude for which he had not been arrested.

At a subsequent hearing before the IJ, Petitioner, through counsel, contested his classification as an arriving alien and requested to change his plea to deny removability.  Petitioner clarified that he was not contesting the actual allegation that he had misrepresented a material fact on his adjustment-of-status application, but was instead challenging the fact that he had been charged with inadmissibility rather than removability.  The IJ set the matter for another hearing to provide counsel the opportunity to respond to the new charge.

At the next hearing, Petitioner reiterated that because he was a lawful permanent resident, he could be charged with removability under 8 U.S.C. § 1227 but not inadmissibility under 8 U.S.C. § 1182.  In support of his argument, he

3

relied on the BIA's decision in *Matter of Pena*, 26 I. & N. Dec. 613 (BIA 2015).

Title 8 U.S.C. § 1101(a)(13)(C) provides that, as a general rule, a lawful permanent

resident cannot be regarded as seeking admission when he returns to the United

States after an overseas trip.  8 U.S.C. § 1101(a)(13)(C).  But the statute provides

certain important exceptions to the rule.  *See id.*  In *Matter of Pena*, the BIA held

that a lawful permanent resident returning to the United States cannot be charged

with inadmissibility under § 1182 if he does not fit within one of the exceptions

outlined under 8 U.S.C. § 1101(a)(13)(C).  *See Matter of Pena*, 26 I. & N. Dec. at

615.

As the IJ explained, *Matter of Pena* is distinguishable from the present case

for several reasons, including the fact that the respondent in *Matter of Pena* did not

fit within any of the exceptions under § 1101(a)(13)(C).  Here, however, Petitioner

fit within one of § 1101(a)(13)(C)'s exceptions based on his conviction for a crime

involving moral turpitude.  *See* 8 U.S.C. § 1101(a)(13)(C)(v).

In a written decision, the IJ therefore sustained the charges of

inadmissibility.  The IJ acknowledged that lawful permanent residents who return

to the United States from a trip abroad are not typically considered applicants for

admission and therefore cannot be charged with inadmissibility.  However, lawful

permanent residents who commit certain crimes before departing the United States,

such as a crime involving moral turpitude, are regarded as seeking admission and

can be charged with inadmissibility.  The IJ further explained that Petitioner's Georgia conviction for financial identity fraud, which required fraud with intent as an element of the crime, qualified as a crime involving moral turpitude.  Therefore, the IJ concluded that Petitioner was properly classified as "seeking admission" at the time of his entry in July 2015 and consequently the IJ sustained the inadmissibility charges under § 1182(a)(2)(A)(i)(I) and § 1182(a)(6)(C)(i).

After reviewing the IJ's decision, Petitioner conceded that he was not eligible for any form of relief.  The IJ ordered Petitioner removed to St. Lucia.

Petitioner appealed to the BIA, arguing that the IJ legally erred by failing to apply the BIA's decision in *Matter of Pena* when determining that Petitioner was properly charged as an inadmissible alien.  Petitioner argued that the facts in his case were identical to those in *Matter of Pena*.  Because the BIA concluded in *Matter of Pena* that a returning lawful permanent resident cannot be charged with inadmissibility under § 1182 if he does not fit within one of § 1101(a)(13)(C)'s exceptions, Petitioner argued that he was improperly charged with a ground of inadmissibility.  Finally, he asserted that his improper classification as an inadmissible alien prevented him from applying for any form of relief and, in particular, cancellation of removal.

The BIA adopted and affirmed the IJ's decision and dismissed the appeal. The BIA agreed that Petitioner was properly charged with inadmissibility under

5

§ 1182, rather than removability as an admitted alien under § 1227 because his financial identity fraud conviction qualified as a crime involving moral turpitude. The BIA explained that Petitioner's case was distinguishable from *Matter of Pena* because Petitioner was convicted of a crime involving moral turpitude, which falls within one of the exceptions under § 1101(a)(13)(C) that permit a lawful permanent resident to be regarded as seeking admission and charged with inadmissibility. No exception applied to the respondent in *Matter of Pena*.

Further, the BIA stated that Petitioner had not challenged his financial identity fraud conviction's qualification as a crime involving moral turpitude, nor did he argue that the IJ erred by concluding that Petitioner fell within the exception authorizing the DHS to charge a returning lawful permanent resident with inadmissibility. Therefore, the BIA concluded that Petitioner had waived these issues.

## II.   DISCUSSION

On appeal, Petitioner argues that the BIA and IJ violated his due process rights by determining that he was properly classified as an inadmissible alien, despite his status as a lawful permanent resident.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). Where the BIA agrees with the IJ's reasoning, we also review

the decision of the IJ to the extent of that agreement. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Here, the BIA adopted the IJ's findings and also issued its own decision.

We review our subject matter jurisdiction *de novo*. *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010). Pursuant to 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review the final order of removal of an alien who is inadmissible or removable for having committed a crime involving moral turpitude. *See Vuksanovic v. U.S. Att'y Gen.*, 439 F.3d 1308, 1309–10 (11th Cir. 2006); 8 U.S.C. §§ 1252(a)(2)(C), 1182(a)(2). Despite the jurisdiction-stripping provision of § 1252(a)(2)(C), we retain jurisdiction to review questions of law and constitutional claims. 8 U.S.C. § 1252(a)(2)(D). We lack jurisdiction to consider a claim that has not been presented to the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (explaining that we lack jurisdiction to consider claims that have not been exhausted to the BIA).

Because the IJ and BIA found Petitioner inadmissible under § 1182(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude—indeed Petitioner did not challenge the fact that he was convicted of a crime involving moral turpitude—the jurisdiction-stripping provision of § 1252(a)(2)(C) prevents us from reviewing Petitioner's final order of removal, except to the extent he raises a colorable constitutional claim or legal question. *See*

7

8 U.S.C. §§ 1252(a)(2)(C), (a)(2)(D); *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 548 n.15 (11th Cir. 2011) ("Allegations of constitutional violations must be 'colorable.'").

As to Petitioner's repeated contention that the BIA erred legally in rejecting his legal argument that he was improperly charged as an inadmissible alien based on the BIA's decision in *Matter of Pena*, we have jurisdiction to consider his legal argument. But we ultimately conclude that the facts in *Matter of Pena* are distinguishable from the present case, and we therefore reject this argument.

In *Matter of Pena*, the BIA concluded that a lawful permanent resident returning to the United States cannot be regarded as seeking admission and thus cannot not be charged with inadmissibility under § 1182, unless he fits within one of the exceptions under 8 U.S.C. § 1101(a)(13)(C). *Matter of Pena*, 26 I. & N. Dec. at 616–20. Section 1101(a)(13)(C) provides in relevant part that "[a]n alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States . . . unless the alien has committed [a crime involving moral turpitude]." 8 U.S.C. § 1101(a)(13)(C)(v). Because the respondent in *Matter of Pena* did not fit within one the exceptions outlined in § 1101(a)(13)(C), the BIA determined that he could not be regarded as

8

seeking admission and thus could not be charged with inadmissibility.[1] *Matter of Pena*, 26 I. & N. Dec. at 616–20.

Unlike the respondent in *Matter of Pena*, Petitioner was convicted of a crime involving moral turpitude and therefore fit within the exception set forth in § 1101(a)(13)(C)(v).  *See* 8 U.S.C. § 1101(a)(13)(C)(v).  In short, although Petitioner was a lawful permanent resident returning to the United States, he could be regarded as seeking admission and charged with inadmissibility because his conviction for a crime involving moral turpitude fell within one of the exceptions outlined in § 1101(a)(13)(C).  *See Matter of Pena*, 26 I. & N. Dec. at 615, 619.  We therefore deny this portion of the petition for review.

Petitioner also argues that the BIA's conclusion that he fell within one of the statutory exceptions under § 1101(a)(13)(C) was arbitrary and capricious and lacked reasoned consideration.  While we typically retain jurisdiction to review an argument that the agency did not give reasoned consideration to a claim, Petitioner

---

[1]  The respondent in *Matter of Pena* had previously been granted lawful permanent resident status, and upon returning to the United States, he informed immigration authorities that he had been arrested in 1998 for applying for a U.S. passport using someone else's identification—a fact he had not included on his adjustment-of-status application. *Matter of Pena*, 26 I. & N. Dec. at 614.  The DHS charged him with inadmissibility under § 1182 based on the suspected fraud and prior ineligibility to adjust status to that of a lawful permanent resident.  *Id.*  The IJ concluded that the respondent had unlawfully obtained his lawful permanent resident status and could therefore be regarded as seeking admission and charged with inadmissibility under § 1182.  *Id.* On appeal, the BIA concluded that the petitioner could not be charged with inadmissibility because did not meet any of the exceptions under § 1101(a)(13)(C) that permit the DHS to charge a lawful permanent resident with inadmissibility.  *Id.* at 619.  The BIA remanded to provide the DHS the opportunity to charge the respondent with removability under § 1227.  *Id.* at 620.

never argued before the BIA that his conviction for a crime involving moral turpitude did not bring him within any of the exceptions outlined in § 1101(a)(13)(C).  *See Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1289 (11th Cir. 2014) (explaining that we retain jurisdiction to consider whether the BIA gave reasoned consideration to a claim because it is a question of law); *Amaya-Artunduaga*, 463 F.3d at 1250.

In his brief to the BIA, Petitioner argued in a cursory fashion that the BIA should find "as it previously did in [*Matter of Pena*], that [Petitioner], a returning [lawful permanent resident] with a colorable claim to [lawful permanent resident status], who does not fall within the exceptions outlined in [§ 1101(a)(13)(C)], should not have been regarded as seeking admission to the U.S."  This conclusory statement, however, without any further argument as to why his conviction for a crime involving moral turpitude did not meet any of the exceptions outlined in § 1101(a)(13)(C), was insufficient to exhaust the argument.  *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (explaining that "[u]nadorned, conclusory statements" do not satisfy the exhaustion requirement).   In fact, the BIA concluded that Petitioner had waived any argument that his financial identity fraud conviction did not qualify as a crime involving moral turpitude, or that the IJ erred by concluding that Petitioner fell within the exception under § 1101(a)(13)(C)(v).

Nevertheless, Petitioner's reasoned-consideration argument is meritless in any event.  When reviewing for reasoned consideration, we consider whether the BIA "consider[ed]  the issues raised and announce[d] their decision in terms sufficient to enable a reviewing court to perceive that they have heard and thought and not merely reacted." *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 534 (11th Cir. 2013) (quotations omitted).  In its decision, the BIA discussed Petitioner's arguments and the inapplicability of *Matter of Pena*.  The BIA also determined that Petitioner waived any argument pertaining to the IJ's holding that he met the exception outlined in § 1101(a)(13)(C)(v) because he failed to challenge the IJ's determination on that issue.  Because we are satisfied that the BIA "heard and thought and not merely reacted," Petitioner's reasoned-consideration argument is without merit.  *See Cole*, 712 F.3d at 534; *Cf. Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003) (concluding that we lack jurisdiction to consider a constitutional claim that has no merit).

**PETITION DENIED IN PART AND DISMISSED IN PART.**

11